Philip Joseph MAITA,
Petitioner-Appellee,

v.

Earl WHITMORE,
Respondent-Appellant.

No. 74–1498.

United States Court of Appeals,
Ninth Circuit.

Dec. 9, 1974.

Certiorari Denied April 28, 1975.

See 95 S.Ct. 1676.

---

2. Defendant was represented below by private counsel and not by the public defender.

144

Evelle J. Younger, Atty. Gen., San Francisco, Cal., for respondent-appellant.

Donald A. Tenenbaum, San Jose, Cal., for petitioner-appellee.

Before DUNIWAY and TRASK, Circuit Judges, and SMITH,* District Judge.

_____

* The Honorable Russell E. Smith, Chief Judge, United States District Court for the District of Montana, sitting by designation.

## OPINION

DUNIWAY, Circuit Judge:

Sheriff Whitmore appeals from an order granting Maita's petition for a writ of habeas corpus. We reverse.

The sole question presented for decision is whether Maita was entitled, under the Fourteenth and Sixth Amendments, to a jury trial when he was charged in California Superior Court with four separate criminal contempts. Each was punishable by a jail term fixed by statute at "not less than one nor more than six months" (Cal. Penal Code § 11229).[1] Maita could have been sentenced to four consecutive six month terms but was actually sentenced to a total of not more than six months.

The California court had issued a temporary injunction enjoining Maita from doing certain things prohibited by the California Redlight Abatement Act, Cal. Penal Code §§ 11225–11235. The validity of the injunction is not here in issue. Maita was later charged with specific violations of the injunction occurring on each of four different days. He demanded a jury trial, which was denied, and he was tried by the court and found to have committed each of the contempts charged. His sentence for the first contempt was six months in jail, with four months suspended.[2] For each of the other three contempts, his sentence was 60 days in jail. All sentences, however, were concurrent, so that his total sentence was not more than six months. Maita has exhausted his state remedies as they relate to his right to a jury trial. The district court held that Maita had been deprived of his constitutional right to a jury trial. Maita v. Whitmore, N.D. Cal., 1973, 365 F.Supp. 1331, at 1337–1340. We reverse.

The answer to our question can be found in two decisions of the Supreme Court, handed down on June 26, 1974:

Taylor v. Hayes, 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed.2d 897, and Codispoti v. Pennsylvania, 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed.2d 912. Together, these cases stand for the following propositions.

■ First: The rules as to whether an ordinary criminal offense is "petty," thus not requiring a jury trial, or "serious," thus requiring a jury trial, also apply to charges of criminal contempt. Codispoti v. Pennsylvania, *supra,* 418 U.S. at 513, 94 S.Ct. at 2692; Taylor v. Hayes, *supra,* 418 U.S. at 495, 94 S.Ct. at 2701.

■ Second: "[C]rimes carrying more than six month sentences are serious crimes and those carrying less are petty crimes." (Codispoti v. Pennsylvania, *supra,* 418 U.S. at 512, 94 S.Ct. at 2691; Taylor v. Hayes, *supra,* 418 U.S. at 495, 94 S.Ct. at 2701.

■ Third: "[J]udgment about the seriousness of the crime is normally heavily influenced by the penalty authorized by the legislature." Codispoti v. Pennsylvania, *supra,* 418 U.S. at 511, 94 S.Ct. at 2691. Indeed, if the penalty authorized by the legislature exceeds six months, there is a right to a jury trial, even though the judge could impose a sentence of six months or less. Baldwin v. New York, 1970, 399 U.S. 66, 68–69, 90 S.Ct. 1886, 26 L.Ed.2d 437, and cases there cited.

■ Fourth: Where the legislature has not prescribed a penalty, as is often the case when the charge is criminal contempt, the actual sentence imposed determines whether the offense is "serious" or "petty." Codispoti v. Pennsylvania, *supra,* 418 U.S. 512, 94 S.Ct. 2687 at 2691; Taylor v. Hayes, *supra,* 418 U.S. at 495, 94 S.Ct. at 2701. In such a case, when multiple contempts are tried together, the imposition of consecutive sentences aggregating more than six months makes the offenses "serious" and

1. Section 11229 also provides for fines, which were imposed in this case. That phase of the case, however, is not before us.

2. Under the decision in Frank v. United States, 1969, 395 U.S. 147, 150, 89 S.Ct. 1503,

23 L.Ed.2d 162, it would appear that this sentence is to be treated, as it relates to the right to a jury trial, as a two month sentence, not a six month sentence. We need not decide the question, because in any event the total sentence did not exceed six months.

requires a jury trial. Codispoti v. Pennsylvania, *supra,* 418 U.S. at 516–518, 94 S.Ct. at 2693–2694. On the other hand, where there are convictions for several contempts but the aggregate sentence does not exceed six months because the sentences are concurrent, jury trial is not required. Taylor v. Hayes, *supra,* 418 U.S. at 496, 94 S.Ct. at 2702. Moreover, it makes no difference that the trial judge at first imposes consecutive sentences totalling more than six months, if he afterward reduces them to six month sentences to be served concurrently; jury trial is not required. *Id.* at 496, 94 S.Ct. at 2702.

We are persuaded that Taylor v. Hayes, *supra,* governs the case at bar. The legislature has fixed the maximum jail term at six months. This points strongly to a holding that the offense is "petty." Had but one contempt been charged, no jury trial would have been required. This is conceded. Maita argues that, because four offenses were charged, the maximum penalty, as established by the legislature, is 24 months, and that therefore the aggregate offense charged is "serious." He bases this argument on the judge's power to impose consecutive sentences.

We conclude that, where the judge has discretion to impose more than six months by imposing consecutive sentences, just as where he has discretion to impose more than six months because there is no statutory maximum, it is the judge's exercise of his discretion, not the mere fact that he has discretion, that determines whether the offense is "petty." This, we think, is the teaching of Taylor v. Hayes, *supra.* In the case at bar, the judge exercised his discretion to impose not more than six months. We conclude that, in principle, *Taylor* requires reversal.

The cases on which Maita relies do not require affirmance. In United States v. Seale, 7 Cir., 1972, 461 F.2d 345, the legislature had not fixed a maximum penalty for the offenses charged; on its facts, *Seale* almost exactly parallels Codispoti v. Pennsylvania, *supra.* Language in Baldwin v. New York, *supra,* which

might be interpreted to mean that the mere possibility, by virtue of the trial judge's discretion to impose consecutive sentences, of imprisonment greater than six months entitles a defendant to jury trial, must be read in light of the facts of that case. There the possibility of "serious" punishment derived from the one year maximum sentence prescribed by the legislature for the single offense charged. In the case at bar, the legislature has determined that a single offense is "petty," and the possibility of "serious" punishment derives from the trial judge's discretion to impose consecutive sentences for multiple offenses. On its facts *Baldwin* is not in conflict with our holding that multiple charges of an otherwise "petty" offense do not become the equivalent of a "serious" offense when the judge's discretion to impose consecutive sentences aggregating more than six months is not exercised. We also reject the holding in United States v. Potvin, 10 Cir., 1973, 481 F.2d 380, which was based on what we consider, in the light of Taylor v. Hayes, *supra,* to be an impermissibly broad reading of *Baldwin.*

The order appealed from is reversed.