John J. GIRARD, John E. Taylor, Eugene P. Grossman, Charles E. Kelting, Louis H. Feldhaus, Dudley McKenzie, Wray Hambrick, Jerry Becht, Michael Mannion and Ron Hosfeld, Petitioners,

v.

Benjamin GOINS, Sheriff of the City of St. Louis, Respondent.

Nos. 78–30C(1) to 78–40C(1).

United States District Court, E. D. Missouri, E. D.

Jan. 11, 1978.

Jerome J. Duff, Jerome J. Duff & Associates, Inc., St. Louis, Mo., for petitioners.

John P. Emde, St. Louis, Mo., for respondent.

## MEMORANDUM

MEREDITH, Chief Judge.

These eleven cases were consolidated at the request of petitioners.

During the spring and summer of 1976, a labor dispute arose between the brewery drivers and helpers of St. Louis, Missouri, Local No. 133, affiliated with the International Brotherhood of Teamsters, Chauffeurs and Warehousemen of America, and the beer delivery industry. The Circuit Court of the City of St. Louis, Missouri, on April 22 and 28, 1976, issued temporary restraining orders. On May 28, 1976, a motion was filed requesting issuance of citations for contempt against the petitioners in these causes.

Hearings were held on June 1, 2, and 3, 1976. On June 3, 1976, the petitioners were ordered to show cause on June 10, 1976, why they should not be held in contempt. The petitioners on June 10, 1976, and on June 14, 1976, in person and by their counsel, stipulated that the transcript of the evidence taken on June 1st, 2nd, and 3rd could be introduced and heard by the court. They did not request a trial by jury.

On June 24, 1976, the court issued findings of fact and conclusions of law and found the petitioners guilty of contempt. Petitioner John J. Girard was sentenced to forty days and $10,000 fine. Petitioner John E. Taylor was sentenced to forty days and $10,000 fine. Petitioners Eugene P.

Grossman, Charles E. Kelting, Louis H. Feld-haus, and Dudley Alsop were sentenced to ten days each and $2,500 fine each. Petitioner Ronald McKenzie was sentenced to thirty days and $4,500 fine. Petitioners Wray Hambrick and Jerry Becht were fined $2,500 each. Michael Mannion was fined $5,000. Petitioner Ron Hosfeld was fined $2,500.

On August 30, 1977, the Missouri Court of Appeals for the St. Louis District, denied a writ of habeas corpus, thereby affirming the Circuit Court of St. Louis. In January of 1978, the Supreme Court of the State of Missouri denied writs of habeas corpus and adopted the opinion of the Missouri Court of Appeals, St. Louis District. Thereafter the petitions for writ of habeas corpus were filed in this court.

■ On January 10, 1978, a pretrial conference was held with the attorneys for petitioners and respondent and this Court listened to their respective positions. The petitioners have raised in their petitions the question of the sufficiency of the evidence to sustain the convictions and, accordingly, they request an evidentiary hearing for the purpose of developing facts that petitioners did not commit the contemptuous acts of which they were found guilty by the state court.

If the federal courts were required to hold evidentiary hearings on every state conviction, nothing else could be accomplished by the district courts, except hear such evidentiary hearings. This is not required since the question of the sufficiency of the evidence does not raise a constitutional question. *White v. Wyrick*, 530 F.2d 818 (8th Cir. 1976); *Cunha v. Brewer*, 511 F.2d 894 (8th Cir. 1975).

■ The petitioners next raise the question of the illegality of the convictions for the reason they were not accorded the right to trial by jury. The record in this case clearly shows that each of the petitioners and their attorney specifically agreed that the Circuit Court could hear the evidence. They did not request trial by jury. The question of a right to trial by jury was raised in a post trial motion in the Circuit Court for the City of St. Louis and in the Missouri Court of Appeals, St. Louis District, and the Supreme Court of the State of Missouri. However, it was not passed on specifically by any of the courts. Under Missouri law there is no constitutional right of a trial by jury in a criminal contempt case. *Osborne v. Purdome*, 244 S.W.2d 1005 (Mo.S.Ct. en banc 1952). Under the federal system, if the sentence exceeds six months in prison and $500.00 fine, a defendant is entitled to a trial by jury. *Baldwin v. New York*, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970); *Maita v. Whitmore*, 508 F.2d 143 (9th Cir. 1974).

In this case, the record shows that the union has agreed to pay the fine and costs assessed against the individual defendants. Therefore, this Court is of the opinion that petitioners are not entitled to trials by juries in these causes for the reason that trial by jury was knowingly and voluntarily waived.

■ Petitioners further state that the order of commitment requiring them to pay the fines and costs, which costs include reasonable attorney's fees, to be assessed by the court, is, in effect, an indefinite commitment. Because the attorneys' fees have not been fixed, petitioners state that the Missouri court now has not power to correct this inequity. The parties agree that this has never been raised in any of the Missouri courts. The order of commitment in each case reads as follows:

> "You are therefore commanded to take the body of the said (petitioner) into your custody and convey the said (petitioner) to the medium security institution of the City of St. Louis and the Warden thereof is hereby commanded to receive said defendant and there keep the said (petitioner) for the said period of _____ days, or until judgment and sentence of the court herein are complied with, and all costs paid, or until the said (petitioner) shall be otherwise discharged by due course of law."

This matter has never been presented to the state courts at any level and this Court

disagrees with petitioners' contention that the order of commitment cannot be clarified or changed by the state courts.

All available state remedies must be exhausted prior to the granting of federal habeas corpus relief and until such relief has been exhausted, the federal courts should not pass on such an issue. Missouri Rule of Criminal Procedure 27.26 specifically provides for motions to vacate or correct an unlawful or unconstitutional sentence. Such a motion has never been filed by any of the petitioners. Accordingly, this Court may not consider this problem. 28 U.S.C. § 2254(b) (1970); *Tyler v. Swenson*, 527 F.2d 877 (8th Cir. 1976); *Franklin v. Wyrick*, 529 F.2d 79 (8th Cir. 1976); *Coney v. Wyrick*, 532 F.2d 94 (8th Cir. 1976).

■ Petitioners next allege that the Circuit Court of the City of St. Louis was without jurisdiction to hear the contempt charge because the union strike policy is regulated by federal labor law and the federal courts have exclusive jurisdiction to determine such questions.

Courts of general jurisdiction have both statutory and inherent contempt powers. 476.110 RSMo 1969; *Osborne v. Purdome*, supra; *Curtis v. Tozer*, 374 S.W.2d 557 (Mo. App.1964). While the federal courts have general jurisdiction in certain labor disputes, nothing in the federal labor statutes protects or immunizes from state action violence or the threat of violence in a labor dispute. *International Union, United Automobile, Aircraft and Agricultural Workers of America v. Russell*, 356 U.S. 634, 78 S.Ct. 932, 2 L.Ed.2d 1030 (1958); *United Construction Workers v. Laburnum Const. Corp.*, 347 U.S. 656, 74 S.Ct. 833, 98 L.Ed. 1025 (1954); *Farmer v. Carpenters*, 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977). In the instant case, the state courts had the power to prevent unwarranted destruction of property.

Petitioners have also filed a motion to stay their orders to report to jail on January 24, 1978. In view of this Court's decision on the merits, the motion to stay the state court judgments will be denied.