814 F.2d 563
 William Joe RIFE, Petitioner-Appellee,
v.
R.G. "Dick" GODBEHERE, Sheriff, Maricopa County; and the
Attorney General of the State of Arizona,
and
The Attorney General of the State of Arizona, Respondents-Appellants.
 No. 86-2146.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 10, 1987.
Decided April 7, 1987.
As Amended July 27, 1987.*
 
 Richard D. Coffinger, Glendale, Ariz., for petitioner-appellee.
 Louis Frank Dominguez, Phoenix, Ariz., for respondents-appellants.
 Appeal from the United States District Court for the District of Arizona.
 Before CHOY, PREGERSON and CANBY, Circuit Judges.
 PREGERSON, Circuit Judge:
 
 
 1
 Defendant William J. Rife, after being denied a jury trial, was convicted of three counts of unlawful use of the telephone to terrify, intimidate, threaten, annoy, or harass, which is a misdemeanor in violation of Ariz.Rev.Stat. Sec. 13-2916. Defendant was initially sentenced to one year in jail, six years' probation, and a $3,000 fine, but after the case was appealed and remanded twice, the defendant's sentence was reduced to 180 days in jail and a $1,000 fine. Defendant then petitioned for a writ of habeas corpus in district court, asserting that he had been denied his sixth amendment right to a jury trial. The district court granted the writ, and the state appeals. We affirm.
 
 DISCUSSION
 
 2
 I. Right to Jury Trial When the Aggregate Maximum Authorized Term of Imprisonment Exceeds Six Months
 
 
 3
 The constitutional limits of the sixth amendment right to a jury trial is a question of law reviewed de novo. United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.) (en banc), cert. denied, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). Moreover, a district court's decision to grant or deny a petition for habeas corpus is reviewed de novo. Weygandt v. Ducharme, 774 F.2d 1491, 1492 (9th Cir.1985).
 
 
 4
 Since 1968, the sixth amendment right to a jury trial in criminal cases has been applied to the states through the fourteenth amendment. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). Duncan held that "the Fourteenth Amendment guarantees a right of jury trial in all criminal cases which--were they to be tried in a federal court--would come within the Sixth Amendment's guarantee." Id. at 149, 88 S.Ct. at 1447. As implied by the above statement, the sixth amendment does not extend the protection of jury trial to all criminal cases. There is no constitutional right to a jury trial when the offense charged is "petty." District of Columbia v. Clawans, 300 U.S. 617, 624, 57 S.Ct. 660, 661, 81 L.Ed. 843 (1937).
 
 
 5
 In Baldwin v. New York, 399 U.S. 66, 69 n. 6, 90 S.Ct. 1886, 1888 n. 6, 26 L.Ed.2d 437 (1970), the Supreme Court held that regardless of other indicia of the seriousness of an offense, "a potential sentence in excess of six months' imprisonment is sufficiently severe by itself to take the offense out of the category of 'petty.' " Id. at 69 n. 6, 90 S.Ct. at 1888 n. 6. The crime Rife was charged with is a Class I misdemeanor, punishable by a maximum of six months' imprisonment. Ariz.Rev.Stat.Ann. Sec. 13-707(1). The maximum authorized sentence is therefore not sufficient by itself to make the charge "serious." However, Rife was charged with three separate counts and given an aggregate sentence of a year and a half imprisonment.
 
 
 6
 The state contends that the multiple counts Rife faced did not mandate a jury trial because each count involved a "petty" offense. This contention is meritless.
 
 
 7
 It is well settled that when there is no maximum authorized penalty for an offense, a judge cannot sentence a defendant to more than six months' imprisonment unless the defendant's right to a jury trial is recognized. Cheff v. Schnackenberg, 384 U.S. 373, 380, 86 S.Ct. 1523, 1526, 16 L.Ed.2d 629 (1966). In Maita v. Whitmore, 508 F.2d 143, 146 (9th Cir.1974), cert. denied, 421 U.S. 947, 95 S.Ct. 1676, 44 L.Ed.2d 100 (1975), we analogized the imposition of consecutive sentences to the imposition of a sentence when no statutory maximum exists:
 
 
 8
 [W]here the judge has discretion to impose [imprisonment of] more than six months by imposing consecutive sentences, just as where he has discretion to impose more than six months because there is no statutory maximum, it is the judge's [actual] exercise of his discretion, not the mere fact that he has discretion, that determines whether the offense is "petty."
 
 
 9
 In the instant case, the judge did exercise her discretion to impose a sentence of over six months' imprisonment by imposing consecutive sentences. Rife was therefore entitled to a jury trial because he was sentenced to a total period of imprisonment of more than six months.
 
 
 10
 The state alternatively contends that even if Rife was improperly denied a jury trial, the constitutional violation was "remedied" by the fact that his sentence was later reduced to six months. We have stated that, in cases of discretionary sentencing, "it makes no difference that the trial judge at first imposes consecutive sentences totalling more than six months, if he [or she] afterward reduces them to six month sentences to be served concurrently; jury trial is not required." Maita, 508 F.2d at 146. Therefore, although a sentence in excess of six months' incarceration denied Rife his constitutional right to a jury trial, this violation has been "remedied" by the state court's ultimate imposition of a sentence not exceeding six months.
 
 
 11
 II. Right to Jury Trial When the Maximum Authorized Fine Exceeds $500
 
 
 12
 The Supreme Court's decision to make six months' imprisonment an automatic standard for determining whether the sixth amendment requires a jury trial was based in part on the fact that "18 U.S.C. Sec. 1(3) establishes this maximum period of incarceration as an objective criterion of a 'petty offense.' " In Muniz v. Hoffman, 422 U.S. 454, 476-77, 95 S.Ct. 2178, 2190-91, 45 L.Ed.2d 319 (1975), however, the Supreme Court refused to accord the 18 U.S.C. Sec. 1(3) definition "talismanic significance," and found that a $10,000 fine imposed on a union for contempt did not pose a "serious risk" to the union.[1] The state argues that Muniz compels a case-by-case evaluation of the "seriousness of the risk" and "extent of possible deprivation" to the defendant in determining whether a fine is large enough to make an offense "serious" in and of itself.
 
 
 13
 This court, however, has held that Muniz was meant only to apply to non-individual defendants. United States v. Hamdan, 552 F.2d 276 (9th Cir.1977). In Hamdan, the defendant had been convicted, without a jury, of making false statements in documents filed with the Immigration and Naturalization Service, an offense punishable by six months' imprisonment and a $1,000 fine. In distinguishing Muniz on its facts, the Hamdan court noted that "[i]t is not unrealistic to treat any fine in excess of $500 as a serious matter to all individuals." Id. at 280 (emphasis added).
 
 
 14
 Thus, in Hamdan we decided to retain $500 as the standard for determining when a maximum possible fine is large enough to require a jury trial for individual defendants. Rife was charged with a Class I misdemeanor, punishable by up to a $1,000 fine. Ariz.Rev.Stat.Ann. Sec. 13-802(A). Therefore, the crime charged was serious, and he was entitled to a jury trial.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The Order amending this opinion is published at 825 F.2d 185
 
 
 [1]
 In 1984 Congress amended 18 U.S.C. Sec. 1(3), increasing the maximum fine for a federal petty offense committed by an individual from $500 to $5,000. Criminal Fine Enforcement Act of 1984, Pub.L.No. 98-596, Sec. 8, 98 Stat. 3134, 3138 (1984)
 The 1984 amendments are to apply to offenses commtiied after December 31, 1984. Criminal Fine Enforcement Act of 1984, Pub.L.No. 98-596, Sec. 10, 98 Stat. 3134, 3138 (1984). Because Rife was charged with crimes committed between the dates of June 2, 1983 and December 2, 1983, the 1984 amendments are not relevant to the outcome of this case.