956 F.2d 1168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Adam SPARKS, Petitioner-Appellant,
v.
CITY AND COUNTY OF SAN FRANCISCO, Respondent-Appellee.
 No. 91-15961.
 United States Court of Appeals, Ninth Circuit.
 Argued Oct. 9, 1991.
Submission Deferred Oct. 10, 1991.
Submitted Feb. 12, 1992.
Decided March 4, 1992.
 
 Before PREGERSON, FERGUSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Adam Sparks was held in contempt of court for violating a preliminary injunction ordering him to comply with an ordinance of the City and County of San Francisco (the "City"). After California state court review, he was sentenced to six days in jail and a $3,000 fine. The City obtained an order of commitment and Sparks filed a petition for writ of habeas corpus in federal district court. He now appeals the dismissal of his petition and challenges the constitutionality of the ordinance and the alleged violation of his Sixth Amendment right to a jury trial.
 
 
 3
 * Sparks satisfies the "in custody" requirement of 28 U.S.C. § 2254(a) even though his term of imprisonment has yet to begin. Maleng v. Cook, 109 S.Ct. 1923, 1926 (1989). Furthermore, his appeal is ripe because he has exhausted his state remedies and presents this court with questions of state imprisonment "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a), (b). We apply federal and not state law. Id.; Glen v. Hongisto, 438 F.Supp. 10, 16 n. 10 (N.D.Cal.1977).
 
 
 4
 Our review of Sparks' first contention is controlled by Walker v. City of Birmingham, 388 U.S. 307 (1967),[1] and a long line of Supreme Court precedent. In Walker, the Court held that the petitioners had to obey a legally issued injunction and could not contest the underlying constitutionality of the ordinance by disobeying the injunction. Walker, 388 U.S. at 321.
 
 
 5
 An injunction duly issuing out of a court of general jurisdiction ... must be obeyed ... however erroneous the action of the court may be, even if the error be in the assumption of the validity of a seeming but void law going to the merits of the case. It is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected, and disobedience of them is contempt of its lawful authority, to be punished.
 
 
 6
 Walker, 388 U.S. at 314 (quoting Howat v. Kansas, 258 U.S. 181, 189-90 (1922)).
 
 
 7
 The Court further stated "that in the fair administration of justice no man can be judge in his own case, ... respect for judicial process is a small price to pay for the civilizing hand of law." Walker, 388 U.S. at 320-21. Walker hinted that there might be some relaxation of this strict rule of enforcement "where the injunction was transparently invalid or had only a frivolous pretense to validity." Id. at 315. However, this is not the case regarding the injunction ordering Sparks to obey the ordinance.[2]
 
 
 8
 The Supreme Court has consistently reaffirmed Walker and its rationale. The Court has stated that "disobedience of such an outstanding order of a federal court subjects the violator to contempt even though his constitutional claim might be later upheld." Pasadena City Bd. of Educ. v. Spangler, 427 U.S. 424, 439 (1976) (citing Walker ). See also GTE Sylvania, Inc. v. Consumers Union, 445 U.S. 375, 386 (1980) ("persons subject to an injunctive order ... are expected to obey ... even if they have proper grounds to object to the order"); Maness v. Meyers, 419 U.S. 449, 458 (1975) ("Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect.").
 
 
 9
 This circuit also relies on Walker in rejecting claims to review the underlying constitutionality of court orders leading to contempt orders. See, e.g., In Re Establishment Inspection of Hern Iron Works, 881 F.2d 722 (9th Cir.1989). In Hern Iron Works, a petitioner challenged a contempt order because it was based upon an invalid administrative search warrant and therefore, he argued, it could not be enforced. However, we allowed the "judicial order to be enforced through criminal contempt even though the underlying decision may be incorrect and even unconstitutional." Id. at 725. In relying on Walker, we recognized that "the Supreme Court came down on the side of the orderly rule of law." Id. at 726.
 
 
 10
 Hence, Sparks does not possess a constitutional right to disobey a properly entered court order. The preliminary injunction granted against him was reviewed by the California courts and Sparks repeatedly failed to comply with the court order that he obey the ordinance. Walker is the controlling precedent in this matter. It requires obedience to a court order regardless of the constitutionality of the law underlying it when a petitioner had effective review of that order in state court, as did Sparks. United States v. Ryan, 402 U.S. 530, 532 n. 4 (1971). We conclude that state imprisonment of Sparks for contempt for willfully violating the state court injunction violates neither the federal Constitution nor any federal law. We affirm the denial of his writ of habeas corpus.
 
 II
 
 11
 Sparks contends he was denied his Sixth Amendment right to a jury trial on the contempt violations. The focus of our review is upon "the constitutional legitimacy of [Sparks'] sentence as that sentence stands today after review by and exhaustion of the state court process. The only question for this court is whether the final state result violates constitutional law so as to warrant granting a writ of habeas corpus." Richmond v. Lewis, 921 F.2d 933, 944 (9th Cir.1990), amended, 948 F.2d 1473 (9th Cir.1991), petition for cert. filed, 60 U.S.L.W. ---- (U.S. Jan. 15, 1992) (No. 91-7094) (citing Walton v. Arizona, 110 S.Ct. 3047, 3057-58 (1990)).
 
 
 12
 Under collateral review, such as in this appeal, we recognize the Court's direction to afford "even greater deference ... to the state system than the Court had urged in Walton, which it had heard on direct review." Richmond, 921 F.2d at 944. "In short, this court's focus must not be on the underlying sentence but on whether the state system in both imposing and reviewing that sentence committed an independent constitutional violation." Id. at 945.
 
 
 13
 Our focus, then, is upon Sparks' sentence of six days in jail and the $3,000 fine resulting from the California Court of Appeal's affirmance of six counts of contempt. We conclude this sentence does not exceed the limits that Congress and the Supreme Court have used to delineate a serious offense which constitutionally requires a trial by jury.
 
 
 14
 In Blanton v. City of North Las Vegas, 109 S.Ct. 1289 (1989), the Court again affirmed that a sentence of six months or less is not a serious offense requiring a jury trial. Id. at 1292-93.[3] The Court also accepted a $5,000 fine limit, the maximum selected by Congress for petty offenses, 18 U.S.C. §§ 3559, 3571(b)(6)-(7), as dividing a serious offense from a petty offense not requiring a jury trial. Blanton, 109 S.Ct. at 1294 & n. 11. Consequently, Sparks' six day jail sentence and $3,000 fine does not implicate the Sixth Amendment right to a jury trial in a review of the California Court of Appeal's decision.[4]
 
 III
 
 15
 In view of the controlling case law and the foregoing discussion, we affirm the dismissal of Sparks' habeas petition.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 Thomas v. Collins, 323 U.S. 516 (1945) reaches the opposite result in an analogous situation. However, Walker was decided later in time thus impliedly modifying Thomas, and Walker is cited by the Supreme Court and the Ninth Circuit as the controlling precedent in similar situations
 
 
 [2]
 Sparks did not raise this issue, but if he had been guilty of civil contempt he would be allowed to question the invalidity of the ordinance as a defense. In Re Establishment Inspection of Hern Iron Works, 881 F.2d 722, 726 n. 11 (9th Cir.1989); Scott & Fetzer Co. v. Dile, 643 F.2d 670, 675 (9th Cir.1981). Although Sparks was held in contempt under a civil statute that designation is not controlling. This court looks instead "to the substance of the order." Union of Professional Airmen v. Alaska Aeronautical Indus., Inc., 625 F.2d 881, 883 (9th Cir.1980) (citing Shillitani v. United States, 384 U.S. 364, 369 (1966)). Sparks' proceeding and judgment fit the definition of criminal contempt
 "Criminal contempt is a completed act of disobedience; the sentence is punitive to vindicate the authority of the court." In Re Sequoia Auto Brokers, Inc., 827 F.2d 1281, 1283 n. 1 (9th Cir.1987). The fine and jail sentence imposed on Sparks were not remedial measures to coax compliance, but were punitive measures designed to punish Sparks for intentionally disobeying the court's injunction, and to enforce the authority of the court. Scott & Fetzer, 643 F.2d at 675 n. 7; United States v. Asay, 614 F.2d 655, 659 (9th Cir.1980).
 The fine and jail sentence were not imposed to compensate the City. The sentence would not end with the court proceeding but was unconditional and meant to punish Sparks. "A contempt judgment is criminal when it requires the contemnor to pay to the government an unconditional fine." Falstaff Brewing Corp. v. Miller Brewing Co., 702 F.2d 770, 779 (9th Cir.1983). "The primary purpose of criminal contempt is to punish past defiance of a court's judicial authority, thereby vindicating the court." Id. at 778. The reasonable doubt standard used by the California Superior Court is also the proper standard for criminal contempt. Id. at 777 n. 1.
 
 
 [3]
 Accord Taylor v. Hayes, 418 U.S. 488 (1974) (when consecutive sentences on nine counts of contempt were imposed totalling over four years of imprisonment but later the Kentucky Court of Appeals ordered them served concurrently, leaving the petitioner with only one six month sentence, the U.S. Supreme Court held that petitioner's jury trial right was not violated "when the penalty actually imposed does not exceed six months." Id. at 495.)
 
 
 [4]
 Rife v. Godbehere, 814 F.2d 563 (9th Cir.), amended, 825 F.2d 185 (9th Cir.1987) is not contra to our decision. There, the state court system "remedied" the lack of a jury trial by reducing the defendant's sentence to six months. However, applying the then applicable Ninth Circuit law, we affirmed the district court grant of habeas corpus because the fine was over the $500 limit thought to delineate a serious offense requiring a jury trial. Id. at 565. Now, however, Congress and the Supreme Court define that limit as $5,000. 18 U.S.C. §§ 3559, 3571(6)-(7); Blanton, 109 S.Ct. at 1294. The Rife court recognized this new $5,000 limit in its amendment of the original opinion. 825 F.2d at 185