968 F.2d 1222
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Margaret McGUIRE, Defendant-Appellant.
 No. 91-10302.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1992.
Decided July 1, 1992.
 
 Before HALL, BRUNETTI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Margaret McGuire appeals her three misdemeanor convictions for disorderly conduct, interfering with government functions, and failure to pay the entrance fee to Hawaii Volcanoes National Park, in violation of 16 U.S.C. § 3 and 36 C.F.R. §§ 2.23(b), 2.32(a)(1), 2.34(a)(2). McGuire appealed the magistrate's findings of fact and conclusions of law to the district court, which in turn affirmed the convictions. McGuire now appeals to this court, arguing that (1) the district court erred in affirming the magistrate's denial of her request for a jury trial; (2) the district court erred in affirming the magistrate's decision not to strike Ms. Oducado-Ng's testimony because the government did not produce a Jencks Act statement made by Oducado-Ng; and (3) the evidence was not sufficient to support her convictions for disorderly conduct and interfering with government functions.
 
 
 3
 The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 1291, and we affirm.
 
 
 4
 * McGuire first argues that the magistrate should have granted her request for a jury trial. Whether a criminal defendant has a right to a jury trial is a question of law and is reviewed de novo. Rife v. Godbehere, 814 F.2d 563, 564 (9th Cir.), amended, 825 F.2d 185 (9th Cir.1987). A court must honor a defendant's request for a jury trial if the offense is "serious," which usually means that the maximum authorized term of imprisonment exceeds six months or the maximum authorized fine exceeds $5,000. Blanton v. City of North Las Vegas, Nevada, 489 U.S. 538, 543 (1989); 18 U.S.C. §§ 19, 3571 (1991 Supp.) (offenses carrying maximum fine of $5,000 or less are "petty"). A defendant is entitled to a jury trial for offenses carrying a maximum prison term of six months or less "only if he can demonstrate that any additional statutory penalties, viewed in conjunction with the maximum authorized period of incarceration, are so severe that they clearly reflect a legislative determination that the offense in question is a 'serious' one." Blanton, 489 U.S. at 543.
 
 
 5
 McGuire acknowledges, as she must, that none of the four misdemeanors listed in the information contain a maximum term of imprisonment exceeding six months. According to McGuire, this is not an obstacle because the aggregate maximum term of imprisonment for all four offenses exceeded six months. This argument fails because it is in direct conflict with our decision in Rife v. Godbehere, 814 F.2d 563, 564 (1987). It is true that under Rife, the maximum authorized penalties for all "petty" offenses should be aggregated in order to determine whether there is a right to a jury trial. Id. at 564. Rife also held, however, that " '[w]here the judge has discretion to impose [imprisonment of] more than six months by imposing consecutive sentences, ... it is the judge's [actual ] exercise of his discretion, not the mere fact that he has discretion that determines whether the offense is petty.' " Id. at 564-65 (emphasis added) (quoting Maita v. Whitmore, 508 F.2d 143, 146 (9th Cir.1974), cert. denied, 421 U.S. 947 (1975)). In this case, the magistrate did not sentence McGuire to any term of imprisonment, choosing only to impose a fine totalling $160.
 
 
 6
 McGuire also argues that she was entitled to a jury trial because the aggregate maximum authorized fine exceeded $5,000. Under both 16 U.S.C. § 3 and Department of Interior regulation section 1.3, the maximum fine ranges from $100 to $500; however, under 18 U.S.C. § 3571(b), the maximum fine is $5000. McGuire argues that it "is unclear as a matter of law whether 18 U.S.C. § 3571(b) repealed by implication the maximum fine authorized under 16 U.S.C. § 3." We need not determine the legal question of the effect of 18 U.S.C. § 3571(b) because under Rife, the magistrate's actual exercise of discretion determines whether the offense is petty. Rife, 814 F.2d at 564-65. The magistrate fined McGuire only $160; accordingly, her offense was petty, and she had no right to a jury trial.
 
 
 7
 McGuire contends that Rife was undermined by the Supreme Court's opinion in Blanton. We disagree. Blanton held that the Sixth Amendment requires a jury trial whenever a single offense carries a maximum authorized term of imprisonment greater than six months. Blanton, 489 U.S. at 542. Contrary to McGuire's assertion, Blanton does not address whether, in a multiple-offense case in which all offenses are technically "petty," an aggregate maximum penalty exceeding six months imprisonment is enough to trigger the Sixth Amendment right to a jury trial. The Supreme Court was not confronted with the precise question considered in Rife, and we therefore do not read it to overrule our precedent. The district court did not err in affirming the magistrate's denial of McGuire's request for a jury trial.
 
 II
 
 8
 McGuire next argues that the magistrate erred in failing to strike the testimony of Oducado-Ng because the government could not produce Oducado-Ng's Jencks Act statements. We review rulings on Jencks Act issues for abuse of discretion. United States v. Simtob, 901 F.2d 799, 808 (9th Cir.1990).
 
 The Jencks Act provides:
 
 9
 After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement ... of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.
 
 
 10
 18 U.S.C. § 3500(b). A Jencks Act statement is defined as "a written statement made by said witness and signed or otherwise adopted or approved by him." Id. § 3500(e)(1). This court has held that the Jencks Act does not apply to rough notes made by a government agent or witness during surveillance or investigatory work. See Simtob, 901 F.2d at 809.
 
 
 11
 On cross-examination during the trial before the magistrate, Oducado-Ng testified that she jotted down a handwritten statement, approximately one page in length, immediately after the incident in the park. According to Oducado-Ng, she gave this statement to Ranger Pregana, who used it to prepare a two page typewritten statement. Oducado-Ng also stated that Ranger Pregana took notes on a legal pad while she questioned Oducado-Ng regarding the incident concerning McGuire. Ranger Pregana testified, however, that she did not recall Oducado-Ng giving her any handwritten notes during the preparation of the report, and that she did not take any notes during her interview with Oducado-Ng.
 
 
 12
 McGuire's counsel asserted that Oducado-Ng's and Ranger Pregana's handwritten notes constituted statements by Oducado-Ng under the Jencks Act, and requested that the magistrate compel the government to produce Oducado-Ng's statements, or to strike her testimony in the event that the government could not produce the statements. The magistrate denied the motion without indicating the basis for the ruling. The district court affirmed the magistrate without deciding whether the handwritten statements constituted "rough notes" or whether the notes existed at all. For purposes of its opinion, the district court assumed that the handwritten statements were Jencks statements, and held that the magistrate's failure to comply with the Jencks Act was harmless error because Pregana accurately transcribed Oducado-Ng's statement in the typewritten report.[1] The district court also held that failure to strike Oducado-Ng's testimony was harmless error because the handwritten statements did not "contain such content as would have materially changed the outcome of the trial."
 
 
 13
 We are instructed by Rule 7(e) of The Rules of Procedure For The Trial of Misdemeanors Before United States Magistrates that the standard of review of a magistrate judge's decision before either the district court or our court is the same.[2] Therefore, we must decide whether the magistrate judge abused his discretion in denying McGuire's request to strike Oducado-Ng's testimony, or whether any error was harmless. See Simtob, 901 F.2d at 809. In Jencks Act cases, a conviction will be affirmed if it is more likely than not that the error was harmless. United States v. Wallace, 848 F.2d 1464, 1471 (9th Cir.1988). Failure to comply with the Jencks Act will be harmless error if the final report, to which the defendant has access, fully incorporates the Jencks statement, or if the substance of the Jencks statement would not change the result of the trial. Carrasco, 537 F.2d at 378.
 
 
 14
 In the instant case, we agree with the district court's assumption that Oducado-Ng's statements may have been subject to the Jencks Act. However, we also agree with the district court's assessment that "it does not seem reasonable or too plausible to assume that Oducado-Ng's own handwritten statement, whether it existed or not, could have contained such content as would have materially changed the outcome of the trial."
 
 
 15
 We therefore hold that the district court was correct in deciding that any error by the magistrate judge regarding compliance with the Jencks Act was harmless.
 
 III
 
 16
 Finally, McGuire contends that the evidence was not sufficient to support her convictions for disorderly conduct and interference with government functions. In reviewing the sufficiency of the evidence, "[t]he critical inquiry ... is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Thomas, 887 F.2d 1341, 1343 (9th Cir.1989) (internal quotations and citations omitted).
 
 
 17
 With respect to her disorderly conduct conviction, McGuire claims that the government did not prove beyond a reasonable doubt that she "intended" to cause public alarm or "knowingly or recklessly" created a risk of public alarm. The facts prove otherwise. McGuire admitted at trial that she started the car on an incline while Pregana was standing inside the open car door, and Oducado-Ng was standing behind Pregana, near the rear of the vehicle. Both Oducado-Ng and Ranger Pregana testified that after McGuire started the ignition, the car moved backward and the engine revved very high. While McGuire testified that the emergency brake was on, and that she did not release it, she did admit that the car "may have moved a couple of inches." Furthermore, according to Ranger Pregana, there were spectators around the car. Viewed in the light most favorable to the government, a reasonable person could conclude that McGuire knowingly or recklessly created a risk of public alarm.[3]
 
 
 18
 With respect to the interference with governmental functions conviction, we also find the evidence sufficient to support the conviction. McGuire was convicted under section 2.32(a)(1) of the Department of Interior regulations. This section provides: "Interference. Threatening, resisting, intimidating, or intentionally interfering with a government employee or agent engaged in an official duty, or on account of the performance of an official duty." 36 C.F.R. § 2.32(a)(1).
 
 
 19
 Ranger Pregana testified that McGuire hindered Pregana's investigation of the incident because she refused to answer questions or spell her name prior to the arrest. Both Ranger Pregana and Ranger Mechado testified that McGuire resisted arrest by refusing to get out of her car when ordered to do so, and by struggling to get away from both Rangers when they attempted to handcuff her. Viewed in the light most favorable to the government, a rational trier of fact could find that McGuire interfered with government functions.
 
 
 20
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We recognize that the district court did not use the term "harmless error" in its opinion. Nonetheless, it is apparent from the reasoning it employed that the court decided the issue on harmless error grounds. See United States v. Carrasco, 537 F.2d 372, 377-78 (9th Cir.1976) (harmless error occurs when final report fully incorporated Jencks Act statement or when guilt established by other competent evidence)
 
 
 [2]
 Rule 7(e), which covers the "Scope of Appeal," states in relevant part:
 The defendant shall not be entitled to a trial de novo by a judge of the district court. The scope of appeal shall be the same as on an appeal from a judgment of a district court to a court of appeal.
 
 
 [3]
 McGuire asserts that acts directed solely toward law enforcement officers cannot amount to disorderly conduct. This argument is unavailing because McGuire's conduct threatened the safety of law enforcement officers as well as the children in her car and the several bystanders standing around her car