762 P.2d 585

STATE of Arizona, Plaintiff–Appellee,

v.

Rodney RICHEY, Defendant–Appellant.

No. 1 CA–CIV 9400.

Court of Appeals of Arizona, Division 1, Department B.

April 12, 1988.

Review Granted Sept. 23, 1988.

Stephen G. Udall, Apache Co. Atty. by Michael Goimarac, Deputy Co. Atty., St. Johns, for plaintiff-appellee.

Rodney Richey, in prop. per.

## OPINION

KLEINSCHMIDT, Judge.

A St. Johns Justice Court found appellant guilty of violating A.R.S. § 28–411(A), driving without an Arizona operator's license, and A.R.S. § 28–302(A), failure to register a vehicle in Arizona. The appellant appealed to the Superior Court of Apache County, which held a trial de novo and once again found appellant guilty of both offenses. Appellant raises four issues on appeal:

1. Does A.R.S. § 28–102(A)(1), which defines "resident" for purposes of registering and operating a vehicle in Arizona, violate the equal protection clause of the fourteenth amendment or unconstitutionally burden the right to travel?

2. Does A.R.S. § 22–220, which disallows jury trials in civil traffic violation cases originating under Title 28, unconstitutionally deprive appellant of his right to a jury trial?

3. Does A.R.S. § 28–1080, which allows a court to declare an entire sanction due if not timely paid and suspend driving privileges until the sanction is paid, unconstitutionally deprive the appellant of procedural due process?

4. Did the trial judge abuse his descretion in awarding attorney's fees to the state?

## VEHICLE REGISTRATION AND LICENSING REQUIREMENTS— EQUAL PROTECTION AND THE RIGHT TO TRAVEL

The appellant makes several related claims concerning the constitutionality of A.R.S. § 28–102(A)(1), which defines "resident" for purposes of registering and operating a vehicle in Arizona. In an unclear and often confusing brief, the appellant apparently argues that A.R.S. § 28–102(A) is a durational residency statute that violates the equal protection clause of the fourteenth amendment. Additionally, appellant claims that the statute unconstitutionally burdens his right to travel. We disagree with both claims.

The appellant violated A.R.S. § 28–302(A) and A.R.S. § 28–411(A). Section 28–302(A) provides, in part, that a motor vehicle must be registered in Arizona if the owner is a resident of Arizona. Section 28–411(A) provides that all operators of motor vehicles on Arizona highways who

**300**

are Arizona residents must have a valid Arizona license, unless expressly exempted by statute. Section 28–102(A), which the appellant claims is unconstitutional, defines "resident":

A. Except as provided by subsection B of this section, 'resident,' for the purpose of registration and operation of motor vehicles, means the following:

1. Any person who, regardless of domicile, remains in this state for an aggregate period of seven months or more during any calendar year.

▪ Appellant claims that the residency definition under A.R.S. § 28–102(A) violates the equal protection clause because the state failed to show that the statute promotes any compelling state interest. He relies on *Dunn v. Blumstein*, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972), in which the Supreme Court held that a Tennessee residency requirement, that a person could not register to vote unless he had been a state resident for at least one year, violated the equal protection clause because it was unnecessary to promote any compelling state interest. The Court noted that, because the right to travel is a constitutionally protected right, "any classification which serves to penalize the exercise of that right, unless shown to be necessary to promote a *compelling* governmental interest, is unconstitutional." *Id.* at 339, 92 S.Ct. at 1001, 31 L.Ed.2d at 282; *see also Shapiro v. Thompson*, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969) (one-year waiting period for interstate migrants as a condition of receiving welfare benefits held unconstitutional).

However, unlike the statutes held unconstitutional in *Blumstein* and *Shapiro*, A.R.S. § 28–102(A)(1) is not a durational residency statute. A durational residency statute is defined as:

[A] requirement that the traveler not only be a state resident but also that he maintain that status for a certain minimum period before qualifying for benefits; it is one which subjects a new resident to a substantial waiting period before he can apply for the benefit involved.

16A C.J.S. *Constitutional Law* § 480. The *Blumstein* court noted that durational residency laws "divide residents into two classes, old residents and new residents, and discriminate against the latter...." *Blumstein*, 405 U.S. at 334, 92 S.Ct. at 999, 31 L.Ed.2d at 279–80.

Section 28–102(A)(1) does not discriminate between old and new residents and thus does not violate equal protection. It does not withhold benefits from new residents for any period of time; instead, it requires *all* residents to register their motor vehicles and obtain operating licenses.

▪ Appellant also argues that the residency definition under § 28–102(A)(1) unconstitutionally burdens the right to travel by "penalizing" those who remain in Arizona longer than seven months. We disagree. Although we recognize a constitutionally protected right to travel, it is unquestionable that Arizona has the right to prescribe reasonable, uniform vehicle registration and licensing requirements because they are necessary to insure public safety. *See Hendrick v. Maryland*, 235 U.S. 610, 35 S.Ct. 140, 59 L.Ed. 385 (1915).

## RIGHT TO JURY TRIAL

▪ The appellant next claims that he was unconstitutionally deprived of a jury trial by the provisions of A.R.S. § 22–220(B), which prescribes procedure in the justice court. The statute reads:

Either party may demand a jury at any time before trial, and if not then demanded, trial by jury shall be deemed waived. *This subsection does not apply to civil traffic violations which are issued under Title 28.* (Emphasis added.)

The appellant was found guilty of traffic violations prosecuted under Title 28. One of those offenses, the failure to properly register a vehicle, is clearly defined as a civil traffic violation. A.R.S. § 28–181(B). The other, driving without an Arizona operator's license, also appears to be a civil violation. *See* A.R.S. § 28–411(A) and A.R.S. § 28–491. The existence of another statute, A.R.S. § 28–471(7), which makes any act forbidden by chapter 4 of Title 28,

which includes driving without a license, a Class 2 misdemeanor, raises some question as to whether driving without a license is a criminal or civil offense. Nonetheless, whether the violations are denominated civil or criminal, the appellant is not entitled to a jury trial.

## The Civil Standard

In civil cases a party is entitled to a jury trial if the right to such jury trial existed under common law at the time art. II § 23 of the Arizona Constitution, guaranteeing that the right to trial by jury remain inviolate, was adopted. *Donohue v. Babbitt*, 26 Ariz. 542, 550, 227 P. 995, 997 (1924). The registration of vehicles and the licensing of operators are purely statutory requirements. They are the codification of exact and inflexible rules and have nothing to do with the broad principles which are the subject of common law. *See Campbell v. Superior Court*, 12 Ariz.App. 398, 400, 470 P.2d 718, 720 (1970); 15A Am.Jur.2d *Common Law* § 1 (1976). While a person charged with these offenses under the statutes in effect when the constitution was adopted would have had a right to a trial by jury, that right was conferred by statute, not by the common law or the constitution. *See* A.R.S. civil code, Title 50, § 5137; penal code, Title 22 §§ 1308, 1318 (1913). The appellant has no constitutional right to be tried according to a particular statutory procedure in effect when the constitution was adopted. *State v. Roscoe*, 145 Ariz. 212, 226, 700 P.2d 1312, 1326 (1984).

## The Criminal Standard

It has occurred to us that the legislature could not abrogate the right to a jury trial simply by redefining a crime as a civil offense. But even if we assume the traffic violations are criminal in nature, since the offenses charged are petty offenses the appellant still has no constitutional right to a jury trial. *District of Columbia v. Clawans*, 300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843 (1937); *O'Neill v. Mangum*, 103 Ariz. 484, 445 P.2d 843 (1968). Our supreme court in *Rothweiler v. Superior Court*, 100 Ariz. 37, 410 P.2d 479 (1966), established guidelines to analyze whether an offense is petty or serious. The *Rothweiler* court noted that:

> In determining whether a crime is a petty offense that constitutionally may be tried without a jury the [1] severity of the penalty inflictable, as well as the [2] moral quality of the act and [3] its relation to common law crimes, must be considered....

*Id.* at 42, 410 P.2d at 483.

First, we analyze the severity of the maximum penalty. The possible penalty of a six-month jail sentence is not so severe as to require a trial by jury. *Baldwin v. New York*, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970). Nor is the addition of a $1,000 penalty to the six-month jail sentence. *State ex rel. Baumert v. Superior Court*, 127 Ariz. 152, 155, 618 P.2d 1078, 1081 (1980); *State v. Moreno*, 134 Ariz. 199, 201–02, 655 P.2d 23, 25–26 (App.1982).

The maximum penalty for each violation charged against the defendant is less severe than the penalty of $1,000 and six months' imprisonment, which the *Baumert* court found insufficiently severe to require a trial by jury. Violation of the registration requirements carries a maximum civil sanction of $400. A.R.S. § 28–326(C), (D). Failure to properly license a vehicle, assuming such is a Class 2 misdemeanor, is subject to a maximum penalty of four months' imprisonment and a $750 fine. A.R.S. §§ 13–707, 13–802(B).

When, as in this case, the potential aggregate fine for the two counts is over $1,000, the *actual* penalty imposed determines whether the offense is "petty." *See Rife v. Godbehere*, 814 F.2d 563, 564–65, *modified*, 825 F.2d 185 (9th Cir.1987). Here, the actual penalty imposed, $450.25, was less than $1,000. The possibility of an additional sanction, the suspension of a driver's license, does not mandate a jury trial. *State v. City Court of Tucson*, 141 Ariz. 361, 363, 687 P.2d 369, 371 (App. 1984).

Next, we consider the moral quality of the offenses. Failing to properly register a vehicle and failing to obtain a driver's license do not involve such serious moral

turpitude as to require a jury trial. Neither offense is as serious as others for which the courts have held no jury trial is mandated. *See*, e.g., *Baumert*, 127 Ariz. at 154, 618 P.2d at 1080 (disorderly conduct); *Spitz v. Municipal Court of Phoenix*, 127 Ariz. 405, 408, 621 P.2d 911, 914 (1980) (sale of alcoholic beverages to minors); *Goldman v. Kautz*, 111 Ariz. 431, 433, 531 P.2d 1138, 1140 (1975) (simple assault and battery); *O'Neill*, 103 Ariz. at 485, 445 P.2d at 844 (drunken and disorderly conduct).

We have already considered the last prong of the *Rothweiler* test, the offenses' relation to the common law, in our analysis under the civil standard, and we have determined that a jury trial for these types of offenses was unknown at common law.

## PROCEDURAL DUE PROCESS

■ Appellant alleges that A.R.S. § 28–1080, which allows a court to declare an entire sanction due if not timely paid and to suspend driving privileges until the sanction is paid, deprives him of procedural due process and is therefore unconstitutional. He claims that the statute allows suspension of a license prior to a hearing and without proper notice.

We need not consider the merits of appellant's claim for two reasons. First, the record does not establish that his license was suspended under the statute and, therefore, that he was harmfully affected by it. *See State v. Smith*, 130 Ariz. 74, 634 P.2d 1 (App.1981). Second, even if we assume that the appellant's license was suspended under the statute, he has not shown that he requested, and was denied, an extension of time for payment or the option of installment payments. The statute provides these alternatives in lieu of immediate full payment of the judgment and suspension of the license:

> All civil sanctions shall be paid within thirty days from entry of judgment, except that if payment within thirty days will place an undue economic burden on a person, the court may extend the time for payment or may provide for installment·payments. . . .

A.R.S. § 28–1080. We cannot determine if the appellant was improperly denied a hearing if he does not show that he requested one.

## ATTORNEY'S FEES

■ Finally, the appellant argues that the trial court should not have awarded attorney's fees to the state because his claim was not "legally frivolous," as determined by the trial court, because it did not arise out of a contract pursuant to A.R.S. § 12–341.01, and because the county attorney, as a public officer, cannot receive attorney's fees. A trial court has discretion to award attorney's fees to the state if the appellant's action is groundless or frivolous, even if the action does not arise out of contract. *Wistuber v. Paradise Valley Unified School Dist.*, 141 Ariz. 346, 350, 687 P.2d 354, 358 (1984); *see* A.R.S. § 12–341.01(C). Additionally, A.R.S. § 12–348(G)(2) provides that the general rule that attorney's fees are not awarded to the state in civil actions brought by the state does not apply to proceedings brought by the state pursuant to Title 28. Appellant was found guilty of violations under Title 28. After reviewing the record, and in light of the clear case law and legislation resolving appellant's claims, we cannot say that the trial judge abused his discretion in determining that the appellant's claims were frivolous.

The appellant's argument that the county attorney will personally pocket the award and thus be paid twice is absurd. All moneys awarded to the state as attorney's fees go to the state and not to individual attorneys.

In a reply to notice of oral argument, which the appellant filed with this court on January 15, 1988, he mistakenly asserts that in a prior special action involving this case, this court denied attorney's fees awarded to the state by the Apache County Superior Court. By an order dated July 16, 1987, we denied the petition for special action and the award of attorney's fees to the state. However, the denial of an award of attorney's fees to the state was directed at fees requested for defending

against appellant's petition for a special action, not for fees awarded by the superior court.

We deny all relief requested by appellant and affirm the trial court's decision. We also award the state attorney's fees and costs incurred during this appeal upon submission of the appropriate statement pursuant to Rule 21, Arizona Rules of Civil Appellate Procedure.

BROOKS and EUBANK, JJ., concur.