774 P.2d 1354

STATE of Arizona, Plaintiff/Appellee,

v.

Rodney RICHEY, Defendant/Appellant.

No. CV–88–0293–PR.

Supreme Court of Arizona,
En Banc.

May 25, 1989.

Stephen G. Udall, Apache County Atty.
by Michael Goimarac, Deputy County
Atty., St. Johns, for plaintiff/appellee.

Rodney Richey, St. Johns, in pro. per.

## OPINION

CORCORAN, Justice.

A St. Johns Justice Court found appellant Rodney Richey (defendant) guilty of driving without an Arizona driver's license, A.R.S. § 28–411(A), and failure to register a vehicle in Arizona, A.R.S. § 28–302(A). Defendant appealed to the Apache County Superior Court, which after a trial de novo found him guilty of both offenses. The court assessed defendant $450.25 in fines, and awarded the state $2,238.03 as attorneys' fees.

The court of appeals affirmed the decision and awarded the state an additional $983.42 as attorneys' fees incurred on appeal. *State v. Richey*, 158 Ariz. 298, 762 P.2d 585 (App.1988).

We granted review to consider whether the trial court erred in awarding attorneys' fees against defendant. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and A.R.S. § 12–120.24.

## DISCUSSION

1. *A.R.S. § 12–341.01(C)*. The basis for the state's motion for attorneys' fees is A.R.S. § 12–341.01(C), which provides:

Reasonable attorney's fees shall be awarded by the court in any contested action upon clear and convincing evidence that the claim or defense constitutes harassment, is groundless and not made in good faith.

The trial court apparently relied on this subsection in granting the motion, finding that "the allegations of the unconstitutionality of A.R.S. § 28–302(A) and A.R.S. § 28–411 were frivolous...."

The statute *mandates* a fee award only "upon clear and convincing evidence that the claim or defense constitutes harassment, is groundless and not made in good faith." All 3 elements must be present; the absence of even one element renders the statute inapplicable. *See Gilbert v. BOMEX*, 155 Ariz. 169, 180, 745 P.2d 617, 628 (App.1987); *McKesson Chem. Co. v. Van Waters & Rogers*, 153 Ariz. 557, 561, 739 P.2d 211, 215 (App.1987).

■ Because sub § (C) specifically requires a higher burden—"clear and convincing evidence"—before a trial court can determine that a claim or defense constitutes harassment, is groundless and not made in good faith, the trial court must make appropriate findings of fact and conclusions of law to enable a party required to pay attorneys' fees to seek appellate review. We must therefore review the trial court's order to determine whether it complies with sub § (C).

The trial court's only "finding" concerning the fee award was that "the allegations of the unconstitutionality of A.R.S. § 28–302(A) and A.R.S. § 28–411 were frivolous...." The trial court neither set forth the evidence it considered nor found that it was clear and convincing. In *Berry v. Land Department*, 133 Ariz. 325, 328, 651 P.2d 853, 856 (1982), we explained:

The award of attorneys' fees under A.R.S. § 12–341.01(C) *requires* a finding that the claim or defense constituted harassment, was groundless and not made in good faith.

(Emphasis added.)

■ The trial court's simple finding that defendant's defense was "frivolous" is insufficient to justify the fee award under

sub § (C). Proper specific findings of fact and conclusions of law that demonstrate the application of the statute's language greatly assist an appellate court on review. *See Auman v. Auman*, 134 Ariz. 40, 43, 653 P.2d 688, 691 (1982) (trial court's findings indicated the presence of all 3 sub § (C) elements). *Cf. Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 571, 694 P.2d 1181, 1185 (1985) ("Although [§ 12–341.01(*A*)] does not require it, ... the *better practice* [is] to have a record which reflects the justification for the trial court's *denial* of fees") (emphasis added). Because the trial court failed to make specific findings as required by sub § (*C*), we must vacate the trial court's award of attorneys' fees to the state.

We also note, by way of comparison, that A.R.S. § 12–350 requires the trial court to "set forth the specific reasons" for a fee award made pursuant to § 12–349, which permits fee awards when claims are brought "without substantial justification" or "primarily for delay or harassment." A.R.S. § 12–349(A)(1), (2). Because the contexts in which § 12–341.01(C) applies may often overlap those in which § 12–349 applies, we hold that requiring a trial court to set forth specific findings in the former as well as in the latter contexts is appropriate.

■ 2. *A.R.S. § 12–348.* Additionally, the court of appeals upheld the trial court's fee award under § 12–348(G)(2). A.R.S. § 12–348(A)(1) provides:

A. [A] court shall award fees and other expenses to any party other than this state ... which prevails by an adjudication on the merits in any of the following:

1. A civil action brought by the state ... against the party.

Subsection (G)(2) provides that § 12–348 does not apply "to proceedings brought by this state pursuant to title 13 or 28." The court of appeals reasoned that this subsection permitted the *state* to recover attorneys' fees because the action was one brought pursuant to title 28. *Richey*, 158 Ariz. at 302, 762 P.2d at 589. We disagree.

As found by our legislature when it enacted § 12–348:

> [I]ndividuals ... may be deterred from ... defending against unreasonable governmental action because of the expense involved in securing the vindication of their rights. The economic deterrents to contesting governmental action are magnified in these cases by the disparity between the resources and expertise of these individuals and their government.

Laws 1981, ch. 208, § 1. The purpose of § 12–348 is to "reduce the deterrents and the disparity by entitling prevailing parties to recover an award of attorney fees ... against the state." *Id.* The legislature clearly did not contemplate a fee award *to* the *state* pursuant to this section.

■ The proper interpretation of the exception is that, although private parties may recover attorneys' fees in most civil actions brought by the state, private parties are *not* entitled to attorneys' fees under § 12–348 when the state action is brought pursuant to title 13 or 28. Accordingly, we find no support for the trial court's fee award under § 12–348. We also find no support for the trial court's fee award in § 12–349, which permits a fee award if a party "[b]rings or defends a claim without substantial justification." Subsection (D) expressly provides that the section is inapplicable to "the adjudication of civil traffic violations."

## CONCLUSION

We hold that attorneys' fees were improperly assessed against defendant; we therefore reverse the trial court's attorneys' fee award to the state. We affirm, however, the superior court's imposition of fines against defendant. Because we cannot determine on what basis the court of appeals awarded attorneys' fees to the state, we vacate that award. In all other respects, however, we affirm the court of appeals' opinion. We remand this cause to the Apache County Superior Court for enforcement of the judgment.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and MOELLER, JJ., concur.