965 P.2d 100

**Jeri FISHER, on Behalf of her daughter, Jessica FISHER, Plaintiff–Appellant, Cross Appellee,**

v.

**NATIONAL GENERAL INSURANCE COMPANY, Defendant–Appellee, Cross Appellant.**

No. 1 CA–CV 97–0563.

Court of Appeals of Arizona, Division 1, Department C.

Sept. 17, 1998.

Edelman & Martin by Sanford J. Edelman, Lakeside, for Appellant/Cross–Appellee.

Snell & Wilmer, L.L.P. by Russell B. Stowers, Annemarie T. Hennelly, Tucson, for Appellee/Cross–Appellant.

GRANT, Judge.

¶ 1 In this appeal we consider whether the trial court should have set aside an arbitration award, and whether the trial court erred in denying Defendant National General Insurance Company's ("NGIC's") motion for sanctions. We affirm.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Jeri Fisher filed this action on behalf of her minor daughter, Jessica Fisher ("Plaintiff"), seeking damages for Plaintiff's emotional distress. Plaintiff's step-grandfather, Henry Juncker, was killed in an automobile accident when a car driven by Jeremy Trowbridge crossed the center line and collided head-on with Juncker's car. Trowbridge was uninsured.

¶ 3 Plaintiff was a passenger in a car driven by her grandmother, Beverly Juncker, which was following Henry Juncker's vehicle at an indeterminate distance. Plaintiff did not see the actual collision; she and her grandmother came upon the scene shortly thereafter. As a result of seeing her step-grandfather's body lying on the highway, Plaintiff experienced severe emotional problems which manifested themselves in signifi-cant physical symptoms as well as behavioral problems.

¶ 4 Plaintiff made a claim upon NGIC, under the uninsured motorist coverage of the Junckers' policy, for her emotional distress. NGIC denied the claim. Plaintiff sued Trowbridge, asserting that he was intoxicated at the time of the accident, and his negligence caused Henry Juncker's death. Plaintiff gave notice of the suit to NGIC, which elected not to participate. Plaintiff obtained a default judgment for $25,000. After NGIC refused to pay the claim, Plaintiff filed this action alleging that NGIC's refusal to pay constituted a breach of the insurance contract. NGIC moved to dismiss, or alternatively stay, the court proceedings and compel arbitration under a provision in the policy. Plaintiff did not oppose, conceding that the matter was subject to arbitration. Finding a valid agreement to arbitrate under Arizona Revised Statutes Annotated ("A.R.S.") section 12–1501, the court stayed further proceedings pending completion of arbitration pursuant to A.R.S. section 12–1502(D).

¶ 5 NGIC next filed a motion to dismiss the arbitration, arguing that Plaintiff was not in the "zone of danger," a prerequisite for recovering damages for emotional distress upon witnessing injuries to a loved one. Plaintiff responded with two arguments: (1) NGIC was bound by the judgment she had previously obtained against Trowbridge; and (2) Plaintiff was in the zone of danger. The three-member arbitration panel unanimously granted NGIC's motion and dismissed the arbitration. In a decision dated February 27, 1997, the panel held that Plaintiff was not within the zone of danger and rejected Plaintiff's claim that NGIC was bound by the Trowbridge default judgment.

¶ 6 On April 16, 1997, purporting to act under Rule 7 of the Uniform Rules of Procedure for Arbitration ("Unif. R.P. Arb."), Plaintiff filed an Appeal from Arbitration and Motion to Set Trial along with a list of witnesses and exhibits. NGIC filed its own list of witnesses and exhibits and an Uncontested Motion for Trial Continuance. On June 26, 1997, NGIC filed a Motion for Summary Judgment in which it argued that there was

no reason to overturn the arbitrators' award and that the award should be confirmed. Plaintiff responded, objecting to confirmation of the arbitration award on the grounds that NGIC had not previously filed any motion pursuant to the arbitration act to confirm the award.

¶ 7 The trial court granted NGIC's Motion for Summary Judgment, albeit for different reasons than those raised by NGIC. It ruled that NGIC's request to confirm the arbitration award was untimely:

> The court holds that the arbitrators' decision cannot now be confirmed by the court pursuant to A.R.S. Sec. 12–1511 because of the lapse of time, well over 90 days. Although the statutes on arbitration are unclear on the time in which an application for confirmation of the arbitrators' award must be filed, the court determines that that time is not MORE than 90 days after service of the decision upon the parties.

The trial court nonetheless ruled that it could affirm the decision. Rejecting Plaintiff's claim that the Uniform Rules of Procedure for Arbitration applied,[1] the trial court concluded:

> Nevertheless, the court finds that no purpose would be served to further delay the proceedings in the instant case because the plaintiff has shown no basis for the court to rule any differently than the arbitrators' decision. In other words, if the "appeal" of the arbitrators' decision were properly raised pursuant to A.R.S. Sec. 12–1511, the court would confirm that decision.

The trial court rejected NGIC's request for "sanction based attorney's fees" pursuant to A.R.S. sections 12–341.01(C) and 12–349 "because of the failure of the defendant to properly seek confirmation of the arbitra-

tors' decision." Plaintiff filed a timely notice of appeal, and NGIC a timely notice of cross-appeal. We have jurisdiction pursuant to A.R.S. sections 12–2101(B) and 12–2101.01(A)(3).[2]

## ISSUES

I.  Is Trowbridge, the tort-feasor, legally liable for damages because Plaintiff was in the "zone of danger?"

II.  Having declined to confirm the arbitrators' award, does the trial court's decision on the issues submitted to the arbitrators make that decision appealable?

III.  Did the trial court err in ruling on attorneys' fees? Are attorneys' fees awardable on appeal?

## DISCUSSION

### I.  Is Trowbridge legally liable because Plaintiff was in the "zone of danger?"

¶ 8 Plaintiff asserts that the trial court erred in granting summary judgment in favor of NGIC, contending that Plaintiff was in the zone of danger and that NGIC may not collaterally attack the default judgment she obtained against Trowbridge. We need not reach the merits of these arguments because we conclude that the trial court correctly confirmed the arbitration award.

### II.  Confirmation of Arbitration Award

¶ 9 The Uniform Arbitration Act provides for the trial court to confirm an arbitration award:

> A party seeking confirmation of an award shall file and serve an application therefor in the same manner in which complaints are filed and served in civil actions. Upon the expiration of twenty days from service

---

1.  The trial court was correct: The Uniform Rules of Procedure for Arbitration apply to mandatory arbitration under A.R.S. section 12–133, not to contractual arbitration under the Uniform Arbitration Act. See Rule 1, Unif. R.P. Arb.

2.  Plaintiff's opening brief is deficient in a number of respects: (1) its statement of facts contains no citations to the record; (2) it fails to set forth the basis of this court's jurisdiction; and (3) it fails to set forth the standard of review for the

issues raised. See Ariz. R. Civ.App. P. 13(a)(3), (4), and (6). Given that the facts are uncontested and the case is uncomplicated, these infractions have relatively little impact. However, counsel is reminded that violations of the rules can lead to sanctions. See, e.g., Ashton–Blair v. Merrill, 187 Ariz. 315, 316, 928 P.2d 1244, 1245 (App. 1996); Bird v. State ex rel. Corbin, 170 Ariz. 20, 24, 821 P.2d 287, 291 (App.1991).

of the application, which shall be made upon the party against whom the award has been made, the court shall enter judgment upon the award unless opposition is made in accordance with § 12–1512.

A.R.S. § 12–1511. The trial court declined to confirm the award, concluding that NGIC failed to timely apply for confirmation. Its conclusion that there is a deadline of ninety days by which to request confirmation is erroneous.

■ ¶10 Conspicuously absent from A.R.S. section 12–1511, or any other provision of the Uniform Arbitration Act, is any deadline for filing an application to confirm the award. The act does have other deadlines: A.R.S. section 12–1509 (twenty-day deadline for application to arbitrator to modify award); A.R.S. section 12–1511 (twenty-day deadline to respond to application to confirm); A.R.S. section 12–1513 (ninety-day deadline to apply to court to modify or correct award). Because the act has deadlines for certain actions, but sets no deadline to file an application to confirm the award, we conclude that there is no such deadline. *See Security Sav. and Loan Ass'n v. Milton,* 171 Ariz. 75, 77, 828 P.2d 1216, 1218 (App.1991) (*expressio unius est exclusio alterius*). The trial court therefore erred in creating and imposing its own ninety-day deadline; and NGIC's request to confirm the award was timely.

■ ¶11 The question thus becomes whether any grounds were shown why the award should not be confirmed. Under the Uniform Arbitration Act, agreements to arbitrate are "valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract." A.R.S. § 12–1501. An arbitrator's decision generally is final and conclusive; the act provides very limited grounds for the trial court to deny confirmation of an arbitration award:

Upon filing of a pleading in opposition to an award, and upon an adequate showing in support thereof, the court shall decline to confirm an award and enter judgment thereon where:

1. The award was procured by corruption, fraud or other undue means;

2. There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

3. The arbitrators exceeded their powers;

4. The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of § 12–1505, as to prejudice substantially the rights of a party; or

5. There was no arbitration agreement and the issue was not adversely determined in proceedings under § 12–1502 and the adverse party did not participate in the arbitration hearing without raising the objection; but the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

A.R.S. § 12–1512(A). *See also Park Imperial, Inc. v. E.L. Farmer Constr. Co.,* 9 Ariz. App. 511, 513, 454 P.2d 181, 183 (1969) (award is final and binding on parties unless shown that arbitrators were guilty of fraud, misconduct, or so gross a mistake as would imply bad faith or failure to exercise honest judgment).

■ ¶12 The party challenging the arbitration award has the burden of proving the existence of grounds to vacate the award. *Wages v. Smith Barney Harris Upham & Co.,* 188 Ariz. 525, 530, 937 P.2d 715, 720 (App.1997). Plaintiff has failed to meet this burden. Not only has she failed to demonstrate any of the statutory factors, she fails to even argue them. Indeed, Plaintiff never mentions or cites A.R.S. section 12–1512 in her briefs. On this record, the trial court had no choice but to confirm the award. Summary judgment was appropriately granted.

## III. Sanction Based Attorneys' Fees

■ ¶13 NGIC argues that the trial court should have awarded attorneys' fees under A.R.S. sections 12–341.01(C) and 12–

349.[3]  To award sanctions under these statutes the court must determine that the party's claim: (1) constitutes harassment; (2) is groundless; and (3) is not made in good faith. All three elements must be shown and the trial court must make appropriate findings of fact and conclusions of law. *State v. Richey,* 160 Ariz. 564, 565, 774 P.2d 1354, 1355 (1989); *Gilbert v. Board of Med. Exam'rs,* 155 Ariz. 169, 180, 745 P.2d 617, 628 (App.1987). *See also* A.R.S. § 12–349(F). Under A.R.S. section 12–341.01(C), the court must find these elements by clear and convincing evidence, *Richey,* 160 Ariz. at 565, 774 P.2d at 1355; under A.R.S. section 12–349, the standard is preponderance of the evidence. *Phoenix Newspapers, Inc. v. Department of Corrections,* 188 Ariz. 237, 244, 934 P.2d 801, 808 (App.1997). An award of attorneys' fees under A.R.S. section 12–341.01(C) is reviewed for an abuse of discretion; in reviewing an award under A.R.S. section 12–349, the appellate court reviews the trial court's findings of fact under a clearly erroneous standard while the application of the statute is reviewed *de novo. Id.* at 243–44, 934 P.2d at 807–08.

¶ 14  Because the trial court erroneously concluded that NGIC's request to confirm the arbitration award was untimely, it refused to consider NGIC's request for attorneys' fees. As such, we have no ruling to review. We nevertheless decline to remand the cause for the trial court to consider the request. As noted above, to award fees under either statute, all three elements must be shown. In arguing for an award, NGIC asserts only that Plaintiff's claim is groundless and that counsel for NGIC attempted to persuade Plaintiff's counsel of this fact before the latter filed the appeal. Because NGIC has failed to assert that Plaintiff's claim was not filed in good faith and constituted harassment, NGIC has not stated a valid claim for attorneys' fees under either statute. We therefore affirm the trial court's decision not to award fees. *People ex rel. Babbitt v. Green Acres Trust,* 127 Ariz. 160, 167, 618 P.2d 1086, 1093 (App.1980) (if appropriate, court of appeals will affirm trial court's ruling, even if trial court's reasoning was erroneous). For the same reason, we decline to award NGIC attorneys' fees on appeal.[4]

¶ 15  The judgment is affirmed.

SULT and EHRLICH, JJ., concur.

---

3.  NGIC does not seek contract-based attorneys' fees because the policy precludes it from doing so.

4.  As the prevailing party on appeal, NGIC is of course entitled to costs under Rule 21, Arizona Rules of Civil Appellate Procedure.