993 P.2d 1059

Joseph C. AMANCIO, Petitioner–
Appellant,

v.

Honorable George FORSTER, Mesa City
Court Judge and the Mesa Court Prose-
cutor's Office, Respondents–Appellees.

No. 1 CA–CV 98–0530.

Court of Appeals of Arizona,
Division 1, Department E.

April 1, 1999.

Review Denied Nov. 30, 1999.

Neal W. Bassett, Phoenix, for Petitioner–
Appellant.

R. Kevin Hays, Assistant City Prosecutor,
Mesa City Prosecutor's Office, Mesa, for Re-
spondents–Appellees.

## OPINION

WEISBERG, Judge.

¶ 1    Joseph C. Amancio was arrested for
unlawful imprisonment, a class 6 felony, but
the prosecutor designated the offense a class
1 misdemeanor, which would not entitle him
to a jury trial.   Amancio subsequently filed a
special action in the superior court arguing
that he was entitled to a jury trial because
this crime has been classified as a felony by
Arizona    Revised    Statutes    Annotated
("A.R.S.") section 13–1303(A)(1989).   The su-
perior court accepted jurisdiction of the spe-
cial action and upheld the city court's denial
of a jury trial.   Amancio now appeals from
that decision.   We affirm.

## DISCUSSION

¶ 2    Because the trial court accepted juris-
diction of the merits of the special action, we
review the trial court's decision on the mer-
its.   *Bilagody v. Thorneycroft*, 125 Ariz. 88,
92, 607 P.2d 965, 969 (App.1979).   Also, as
resolution of the merits involves a question of
law, we review this matter *de novo*.   *See
State ex rel. McDougall v. Strohson*, 190
Ariz. 120, 121, 945 P.2d 1251, 1252 (1997).

¶ 3    Section 13–1303(A) defines unlawful
imprisonment as "knowingly restraining an-
other person."   The statute also specifies
that: "[u]nlawful imprisonment is a *class 6
felony* unless the victim is released voluntari-
ly ... without physical injury in a safe place
prior to arrest in which case it is a class 1
misdemeanor."   A.R.S. § 13–1303(C)[1] (em-
phasis added).   Amancio and the state agree
that this exception does not apply here.

1. The maximum sentence for a class 1 misde-
meanor is six months in jail and a fine of up to
$2,500.  A.R.S. §§ 13–707, 13–802 (1989).

¶4 Section 13–702(G) (Supp.1998) provides that, if a person is convicted of a class 6 felony not involving either serious physical injury or the display or use of a deadly weapon or dangerous instrument, and if the court finds it would be "unduly harsh to sentence the defendant for a felony, the court may enter judgment of conviction for a class 1 misdemeanor." Moreover, when a crime is subject to such sentencing discretion, subsection (G) requires that "the offense shall be deemed a misdemeanor if the prosecuting attorney: ... 2. *Files a complaint in the justice court or municipal court designating the offense as a misdemeanor.*" In this case, the prosecutor exercised his statutory discretion by charging Amancio with a misdemeanor in municipal court.

■ ¶5 Amancio argues that, regardless of the prosecutor's designation, when the legislature classified this crime as a felony it thereby determined that it was a serious crime, which affords him an absolute right to a jury trial. Amancio complains that empowering a prosecutor to charge this crime as a misdemeanor will produce an inconsistent application of the law depending on the policy of each jurisdiction and the "whim" of each prosecutor.

¶6 The state responds that, although unlawful imprisonment is classified as a felony, it was lawfully charged as a misdemeanor; that a limited jurisdiction court cannot impose penalties greater than those allowed for class 1 misdemeanors; and that the maximum penalty for a class 1 misdemeanor does not require a jury trial under federal law. It further argues that our supreme court has never held that all misdemeanors are jury-eligible offenses; instead, misdemeanors are jury-eligible only when they either implicate moral turpitude or when the defendant would have been entitled to a jury under the common law.

¶7 Amancio concedes that false imprisonment does not involve moral turpitude[2] and that he would not have been entitled to a jury trial at common law. Nevertheless, he replies that the potential punishment is the most significant element in determining whether a crime is jury-eligible, even when that "potential" has been mooted by the charge itself. Therefore, he concludes, he has a right to a jury trial here. We disagree.

¶8 In *Rothweiler v. Superior Court,* 100 Ariz. 37, 39, 410 P.2d 479, 481 (1966), a defendant charged with driving under the influence of intoxicating liquor sought a jury trial in superior court. Our supreme court noted prior holdings that the constitutional right to a jury trial "does not apply to petty offenses," *id.* at 41, 410 P.2d at 483, but concluded that merely labelling an offense "petty" was insufficient to resolve the question. Rather, "the severity of the penalty inflictable, as well as the moral quality of the act and its relation to common law crimes, must be considered." *Id.* at 42, 410 P.2d at 484.

¶9 The possible punishment in *Rothweiler* was ten days to six months' imprisonment, a fine of $100 to $300, and the suspension of the defendant's driver's license for up to ninety days. *Id.* at 39, 410 P.2d at 481. The court found that the potential imprisonment and fine were sufficiently severe to entitle the defendant to a jury, *id.* at 43, 410 P.2d at 485, when coupled with such other grave consequences as the loss of his driver's license and the suspension of his right to use the public highways, as well as the morally offensive nature of the crime. *Id.* at 44, 410 P.2d at 486. The court concluded that the defendant was entitled to a jury trial in either city or superior court because "[f]undamental rights should not depend upon an arbitrary choice as to the court in which [charges] are instituted." *Id.* at 47, 410 P.2d at 489.

¶10 Notwithstanding *Rothweiler,* in cases without these collateral consequences, the courts have found that the defendants were not entitled to a jury trial. For example, in *State ex rel. Baumert v. Superior Court,* 127 Ariz. 152, 153, 618 P.2d 1078, 1079 (1980), the defendant was charged with disorderly conduct, a class 1 misdemeanor subject

---

2. Because Amancio has conceded that unlawful imprisonment does not involve moral turpitude, we do not consider that issue here.

to a maximum penalty of six months' imprisonment and a $1,000 fine. The supreme court cited the flexible definition of "petty offense" noted by *Duncan v. Louisiana,* 391 U.S. 145, 160, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), and the courts' responsibility to categorize such offenses. *Id.* It held that disorderly conduct was not jury-eligible at common law, did not reflect on the defendant's moral character, and that the fine plus the jail term were not sufficiently serious to require a jury trial. *Id.* at 154–55, 618 P.2d at 1080–81. *See also Spitz v. Municipal Court,* 127 Ariz. 405, 408, 621 P.2d 911, 914 (1980) (a defendant charged with misdemeanor sale of liquor to a minor, subject to a maximum of up to six months in jail and a fine of $300, was not entitled to a jury); *State v. Richey,* 158 Ariz. 298, 762 P.2d 585 (App.1988), rev.d in part on other grounds, 160 Ariz. 564, 774 P.2d 1354 (1989)(fines of $400 and $750 and four months in jail for driving without a license and failure to register a vehicle are not severe and do not implicate morality); *State v. Harrison,* 164 Ariz. 316, 792 P.2d 779 (App.1990) (one charged with running a red light, no proof of insurance, and driving without required eyeglasses, subject to a three-month suspension of his license and fines under $500, was not entitled to a jury).

¶ 11 However, following the suggestion in *Rothweiler* that the moral quality of the act charged might entitle a defendant to a jury trial, some misdemeanors have been found to be jury-eligible. *See Mungarro v. Riley,* 170 Ariz. 589, 826 P.2d 1215 (App.1991) (false reporting to a law enforcement agency is jury eligible because although not a common law crime and the penalty was not "serious," the crime reflected on the defendant's moral character). *See also Frederickson v. Superior Court,* 187 Ariz. 273, 928 P.2d 697 (App. 1996) (leaving the scene of an accident was jury eligible because the crime reflected on honesty and integrity). But *see* Campbell v. Superior Court, 186 Ariz. 526, 924 P.2d 1045 (App.1996) (because no moral turpitude attached to cruelty to animals and the crime did not reflect on the defendant's honesty, integrity, or personal values, no jury trial available); *State v. Superior Court,* 189 Ariz. 573, 944 P.2d 515 (App.1997)(contracting without a license, a class 1 misdemeanor,

subject to six months' imprisonment and a $2,500 fine, was not jury-eligible).

¶ 12 In *State ex rel. Dean v. Dolny,* 161 Ariz. 297, 299, 778 P.2d 1193, 1195 (1989), the state charged the defendant with possession of marijuana, a class 6 felony, but the prosecutor designated the offense a misdemeanor. The supreme court found that grave consequences not implicating morality, such as decreased job opportunities, extra conditions on work, and the foreclosure of some professional licenses, entitled the defendant to a jury trial. *Id.* at 300, 778 P.2d at 1196. The court did not, however, address whether the legislative classification alone would require a jury trial.

¶ 13 In a recent supreme court case, the defendant sought a jury trial because, if he were convicted of misdemeanor assault involving "domestic violence," he could not possess a firearm under federal law. *Strohson,* 190 Ariz. at 121, 945 P.2d at 1252. In upholding the denial of a jury trial, the court cited *Rothweiler,* and in referring to *Dolny* stated that "[a]lthough the statutory definition was not controlling with respect to the right to a jury trial, we concluded that it was entitled to considerable deference." *Id.* at 122, 945 P.2d at 1253. The court noted both its prior refusal to grant jury trials in assault cases and the lack of moral turpitude associated with common law battery; it also held that a conviction would not greatly impact the defendant's employment opportunities. *Id.* at 122–23, 945 P.2d at 1253–54.

¶ 14 The court went on to comment about the legislature's failure to express itself on the issue of jury entitlement for many minor crimes. *Id.* at 126, 945 P.2d at 1257. It noted that there was "[n]o evidence ... that would lead us to believe that the legislature, in setting statutory penalties for crimes, was implicitly conveying its determination as to whether the crime deserved a jury trial." *Id.* at 127, 945 P.2d at 1258. The court rejected the suggestion that the statutory penalty alone should answer the jury-eligibility question, *id.* at 126, 945 P.2d at 1257, just as it had previously rejected the federal constitutional doctrine that, unless a crime were punishable by more than six months incar-

ceration, there would be no right to a jury trial. *Id.* at 122, 945 P.2d at 1253.

¶ 15 Finally, in a different context, this court held that when the state and the defendant agree before trial that the maximum possible penalties for the charges will not exceed thirty years, the defendant is not entitled to a twelve-person jury. *See State v. Thorne*, 193 Ariz. 137, 971 P.2d 184, 185 (App. 1997). We noted that, although the charges initially carried a possible maximum sentence of thirty or more years, that maximum was reduced by the parties' agreement that two of the counts were based on the same conduct and would require concurrent sentences. *Id.* Thus, the defendant no longer faced a possible sentence of thirty or more years, and a jury of eight was sufficient.

¶ 16 By analogy, the mere classification of an offense as a felony does not necessarily mandate a jury trial when the legislature has also granted the prosecutor the discretion to charge the offense as a misdemeanor and thus, long before trial, reduce the defendant's potential punishment. As we said in *State v. Frey,* "the possible maximum penalty authorized by the legislature *for the crime charged by the prosecutor,* ... triggers the right to a jury trial." 141 Ariz. 321, 324, 686 P.2d 1291, 1294 (App.1984) (citations omitted) (emphasis added). Here, the state exercised its legislatively granted discretion to charge the offense as a misdemeanor. For that reason, and because there was no implication of moral turpitude and no entitlement to a jury trial under the common law, we conclude that the mere initial classification of this offense as a class 6 felony does not make the offense jury-eligible.

## CONCLUSION

¶ 17 For the foregoing reasons, we affirm the superior court's denial of Amancio's petition for special action relief.

CONCURRING: NOEL FIDEL, Presiding Judge, and E.G. NOYES, Jr., Judge.