NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter Of:

SLAVA KOSTADINOVA, *Petitioner,*

*v.*

BRYAN M. STEPHENS, *Respondent/Appellee.*

KRISTIN ROEBUCK-BETHELL, *Appellant.*

No. 1 CA-CV 17-0099 FC
FILED 3-15-2018

Appeal from the Superior Court in Maricopa County
No. FC2013-090643
The Honorable Stephen M. Hopkins, Judge

**AFFIRMED**

COUNSEL

Horne Slaton, PLLC, Scottsdale
By Sandra L. Slaton
*Counsel for Appellant*

Ryan Rapp & Underwood, P.L.C., Phoenix
By Terrie S. Rendler
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Jennifer B. Campbell joined.

---

**M c M U R D I E**, Judge:

**¶1**　　　　Attorney Kristin Roebuck-Bethell ("Counsel") appeals the superior court's award of attorney's fees and costs to Bryan M. Stephens ("Father") as a sanction for having unreasonably defended against Father's request to have his address protected from disclosure. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　　Several months after Slava Kostadinova ("Mother") filed her petition for paternity in March 2013, the parties reached a temporary agreement under Arizona Rule of Family Law Procedure 69. The parties agreed, *inter alia*, to joint legal decision-making, initial parenting time, and to exchange their infant child at a police station. No residential addresses were revealed in the agreement, although Father agreed to "exercise his parenting time primarily at his residence." The parties agreed to communicate exclusively by email, except for texting each other's cell phones in case of an emergency.

**¶3**　　　　After the temporary agreement was entered, Mother accused Father of sexual misconduct in Texas involving his ex-wife and step-daughter. Mother alleged the incident was investigated by the Texas Department of Family and Protective Services ("DFPS"). A search of DFPS's records revealed no evidence that Father had been investigated, charged, or arrested for any such abuse in Texas. Father's ex-wife submitted a letter, and later an affidavit, stating that Father had never abused her or her daughter. Mother then alleged Father had been arrested in Sweden for touching an under-aged girl. However, no evidence supporting the allegation was found through a record-search by Swedish authorities. Mother hired a private investigator, who reported no criminal records for Father other than speeding tickets. In a Comprehensive Family Assessment report filed with the court in July 2015, Dr. Korsten determined Mother's

allegations were unfounded.[1] Mother did not provide any evidence supporting her allegations, and would not change her position when presented with substantial evidence refuting them.

¶4 In the spring of 2014, Father relocated his residence. Father did not disclose his new address to Mother allegedly for safety concerns for his new family. After protracted mediation, the parties reached a global Rule 69 settlement agreement in 2015, which provided: "Each parent shall notify the other of a changed address and/or phone number, within ten (10) days of such change." On March 4, 2016, the court appointed parenting coordinator, Dr. Weinstock, recommended "both parents share information as to where [their child] will be staying overnight during each parent's standard parenting time."

¶5 On May 26, 2016, Counsel sent an email to Father's counsel, in which she requested Father provide his new address to Mother. The next day, Father's counsel filed a motion arguing that the disclosure of Father's home address should abide resolution in an upcoming trial. On June 20, 2016, the superior court ordered Father to disclose his address or file a request for protected address under Arizona Rule of Family Law Procedure 7. On June 21, 2016, the court granted Father's Motion for Partial Summary Judgment, finding the parties' settlement agreement valid and binding as of December 28, 2015 ("2015 Settlement Agreement"). The court ordered that Mother could file an objection to Father's request for an award of attorney's fees and costs based on the unreasonableness of Mother's position by July 15, 2016.[2] On July 6, 2016, Father filed for a protected

---

[1] In her report, Dr. Korsten stated: "Ms. Kostadinova has made serious allegations against Mr. Stephens that in conjunction suggest she has intentionally misled the Court to increase the cost of litigation or persuade the Court to give a legal decision-making or parenting time preference to her . . . . If the Court has concerns that Ms. Kostadinova continues to make allegations to punish Mr. Stephens, it may be necessary for Mr. Stephens to be identified as the final decision-maker."

[2] In his motion for partial summary judgment, Father requested an award of attorney's fees based on Mother's unsupported assertions to Dr. Weinstock and Dr. Korsten that Father was investigated for sexual misconduct involving his step-daughter after Mother possessed substantial evidence refuting her accusations. Father also argued Mother unreasonably failed to initiate equal parenting time and refused to discuss her position after December 2015.

address under Rule 7, stating he feared Mother would reveal his address to his former business associates, who would harm him or his new family. In Mother's response to the motion ("Response"), filed on July 25, 2016, Counsel argued Mother was entitled to know Father's address and would keep Father's address confidential. Mother did not dispute that Father's business associates would potentially harm Father or his family if his address was disclosed to them. Counsel stated, "*Mother has done nothing vindictive in this case.*" (Emphasis added.) On August 5, 2016, the court found "Mother acted unreasonably in the litigation from December 28, 2015," because she "continued to try to impose additional terms after a binding contract was reached between the parties," and awarded Father his reasonable attorney's fees and costs. On August 10, 2016, the superior court granted Father's request for a protected address and suggested Father file a memorandum on sanctioning Counsel for the Response pursuant to Arizona Rule of Family Law Procedure 31 ("August Order"). After the parties briefed the issue, the court sanctioned Counsel and found her positions "objectively unreasonable" on September 28, 2016 ("September Order").

¶6      Counsel moved for a new trial, which the court denied. The court then entered a judgment for attorney's fees and costs against Counsel in the total amount of $5737. Counsel timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and -2101(A)(1).

**DISCUSSION**

¶7      Counsel argues the superior court erred by (1) failing to make specific findings regarding elements necessary to sanction Counsel pursuant to Arizona Rule of Family Law Procedure 31 ("Rule 31"); (2) sanctioning Counsel without holding a requested evidentiary hearing; and (3) awarding sanctions unrelated to Counsel's Response.

¶8      We review the superior court's rulings on a motion for sanctions for abuse of discretion, *Cal X-Tra v. W.V.S.V. Holdings, L.L.C.*, 229 Ariz. 377, 410, ¶ 113 (App. 2012), and "[t]he question is not whether the judges of this court would have made an original like ruling, but whether a judicial mind, in view of the law and circumstances, could have made the ruling without exceeding the bounds of reason," *Marquez v. Ortega*, 231 Ariz. 437, 441, ¶ 14 (App. 2013) (alteration in original) (quotation omitted). We are bound by the superior court's findings of fact, "unless they are clearly erroneous or unsupported by any credible evidence." *Lund v. Donahoe*, 227 Ariz. 572, 578–79, ¶ 19 (App. 2011).

4

**¶9** Because Rule 31 is substantially similar to Arizona Rule of Civil Procedure 11 ("Rule 11"), the legal precedents interpreting Rule 11 apply to our analysis under Rule 31. *See In re Marriage of Dougall*, 234 Ariz. 2, 6, ¶ 9, n.5 (App. 2013) ("Wherever the language in [the Arizona Rules of Family Law Procedure] is substantially the same as the language in other statewide rules, the case law interpreting that language will apply to these rules.") (alteration in original) (quoting Ariz. R. Fam. Law P. 1 cmt.); *see also* Ariz. R. Fam. Law P. 31 cmt. (Rule 31 is "based on Rule 11, Arizona Rules of Civil Procedure").

**¶10** The purpose of Rule 11, and by extension Rule 31, is "to discourage wasteful, costly litigation battles by *mandatory* sanctions where the position of the lawyer will not support a sound basis in law or fact justifying the position asserted." *Wells Fargo Credit Corp. v. Smith*, 166 Ariz. 489, 497 (App. 1990) (emphasis added).[3] When imposing sanctions, a superior court applies an objective reasonableness standard, *Cal X-Tra*, 229 Ariz. at 410, ¶ 113, of "what a professional, competent attorney would do in similar circumstances," *Linder v. Brown & Herrick*, 189 Ariz. 398, 407 (App. 1997).

## A.     The Superior Court's Findings under Rule 31 Were Sufficiently Specific.

**¶11** Counsel argues the superior court abused its discretion by failing to make specific findings regarding elements necessary to sanction Counsel under Rule 31.

**¶12** Regarding factual contentions, Rule 31 requires a document certified by counsel be "well grounded in fact," while Rule 11 requires it to have "evidentiary support." *See* Ariz. R. Fam. Law P. 31(A); Ariz. R. Civ. P.

---

[3] Rule 31 authorizes a court to "impose upon the person who signed [a pleading, motion or other paper in violation of this rule] . . . an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee." Ariz. R. Fam. Law P. 31(A). Sanctions are appropriate when the signor "knows or should have known, by a reasonable investigation of fact and of law, that [a motion or pleading] is insubstantial, frivolous, groundless or otherwise unjustified." *James, Cooke & Hobson, Inc. v. Lake Havasu Plumbing & Fire Prot.*, 177 Ariz. 316, 319 (App. 1993); *see* Ariz. R. Civ. P. 11; Ariz. R. Fam. Law P. 31.

11(b)(3). Although we recognize these two propositions may have different meanings in some situations, we find the requirements substantially similar for the purposes of our decision and will apply legal precedent interpreting either rule. *See In re Marriage of Dougall*, 234 Ariz. at 6, ¶ 9, n.5. Both rules equally authorize the court to sanction counsel for certifying a document interposed "for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Ariz. R. Fam. Law P. 31(A); Ariz. R. Civ. P. 11(b)(1).

**¶13** "The trial court must make specific findings to justify its conclusion that a party's claims or defenses are frivolous." *Smith*, 166 Ariz. at 497 (quoting *State v. Richey*, 160 Ariz. 564, 565 (1989)). The reasonableness of a factual inquiry depends on the totality of the circumstances, which may change as the case progresses. *See Boone v. Superior Court*, 145 Ariz. 235, 241 (1985); *Wright v. Hills,* 161 Ariz. 583, 590 (App. 1989) ("An attorney is obligated to review and examine his [or her] position as facts of the case are developed, and . . . he [or she] may be obligated to reevaluate his [or her] earlier certification under Rule 11."), *overruled on other grounds as recognized by James, Cooke & Hobson, Inc.*, 177 Ariz. 316.

**¶14** The superior court provided several reasons for imposing Rule 31 sanctions for Counsel's Response. First, the court explained Counsel failed to provide any evidence, or even argue, that Father's former business associates would *not* harm Father or his family if they were to learn Father's address. The court not only found Father satisfied the Arizona Rule of Family Law Procedure 7 standard (a party reasonably believes a physical or emotional harm *may* result from the address's disclosure),[4] but also that

---

[4] Rule 7 specifies: "Any person filing an initial or post-judgment petition, motion or response, whose address is not known to the other party and who *reasonably believes* that physical or emotional harm *may* result to the person or a minor child if the person's address is not protected from disclosure, may request the court to designate that party's address as protected . . . ." Ariz. R. Fam. Law P. 7(A) (emphasis added). We agree with the superior court that Rule 7 imposes a very minimal standard for obtaining a protected address. Moreover, the issue of whether Father's Rule 7 request for protected address was properly granted is not before us, as it was not appealed.

Counsel listed these associates as witnesses against Father's character.[5] Counsel's statement that Mother promised not to disclose Father's address to anyone was not credible given Mother's previously taken positions and allegations. The court found Counsel violated the objective standard of a competent attorney by failing to conduct a "reasonable inquiry into the basis" for her Response. *See Wolfinger v. Cheche*, 206 Ariz. 504, 510, ¶ 29 (App. 2003). Moreover, Counsel represented to the court "Mother has done nothing vindictive in this case," which, on this record, was a groundless, unjustified, and specious position. *See James, Cooke & Hobson, Inc.*, 177 Ariz. at 319; *see also* Ariz. R. Fam. Law P. 31.

¶15 Second, the court explained the parties reached a detailed and specific settlement agreement in 2015, without making the disclosure of Father's address "an essential item." Mother presented no other reason why the parties' agreement could not be fulfilled without her knowing Father's address. The court found "entirely pretextual" Mother's claim that she was entitled to know Father's address because it was in the best interests of their child. Moreover, the settlement agreement did not specifically address whether an address could be protected from public disclosure under Rule 7. The court found Mother's need to know the address mooted by the parties' settlement agreement, and therefore Counsel's position, objectively unreasonable. The Response caused "unnecessary delay or needless increase in the cost of litigation." *See* Ariz. R. Fam. Law P. 31; *see also Boone*, 145 Ariz. at 241; *James, Cooke & Hobson, Inc.*, 177 Ariz. at 319.

¶16 To further support the imposition of sanctions, the court found: (1) Mother's attack was personal; (2) she used an inflammatory and old police report; and (3) Mother's filing for a bankruptcy discharge soon after Father requested Mother pay his attorney's fees for prevailing on his motion for partial summary judgment should have prompted Counsel to act with even greater diligence and pursue only meritorious and reasonable

---

[5] Counsel complained Father's counsel misrepresented that Father's former business associates were called to testify about Father's character. But Mother did, in fact, list Father's business associates as character witnesses. Counsel's representations were made for an improper purpose. *See* Ariz. R. Fam. Law P. 31; *see also James, Cooke & Hobson, Inc.*, 177 Ariz. at 319.

legal positions.[6] *See Lund*, 227 Ariz. at 578–79, ¶ 19 (the superior court's findings are binding on appeal unless clearly erroneous or unsupported by credible evidence).

**¶17** The court did not fail to make specific findings. *See Smith*, 166 Ariz. at 497. The court's concerns went beyond the fact that Counsel filed a response. The concern was that the content of her Response failed to comport with Rule 31. Considering the history of this case, we cannot say the court abused its discretion by sanctioning Counsel. *See Marquez*, 231 Ariz. at 441, ¶ 14 ("We do not substitute our discretion for that of the trial court."); *see also Heuisler v. Phoenix Newspapers, Inc.*, 168 Ariz. 278, 284 (App. 1991) (facts are viewed in the light most favorable to sustaining the sanctions imposed).

**B.    Counsel's Due Process Rights Do Not Extend to a Mandatory Evidentiary Hearing on Sanctions.**

**¶18** Counsel argues the superior court erred by sanctioning her pursuant to Rule 31 without first holding an evidentiary hearing, which she requested, and by making *sua sponte* findings unsupported by the record.

**¶19** "[T]he imposition of sanctions should be preceded by some form of notice and opportunity to be heard on the propriety of imposing the sanctions." *Lund*, 227 Ariz. at 582, ¶ 37 (alteration in original) (quoting *Precision Components, Inc. v. Harrison, Harper, Christian & Dichter, P.C.*, 179

---

[6]    Counsel argues on appeal the superior court improperly ruled Counsel "should have known [on July 25] that the Court would find [on August 5] Mother's conduct to be unreasonable[,]" when the court granted Father's request for attorney's fees based on Mother's unreasonable positions taken after December 28, 2015. However, the court's finding seems to illuminate its concern with Mother's timing of her bankruptcy, but even if we disregard this finding entirely, the court had a reasonable basis for sanctioning Counsel's conduct on the record as it existed on July 25. *See Villa De Jardines Ass'n v. Flagstar Bank, FSB*, 227 Ariz. 91, 99, ¶ 25 (App. 2011); *see also Boone*, 145 Ariz. at 241 ("[C]ounsel is required only to make an investigation [of facts and law] which is reasonable under the circumstances that exist at the time of filing the pleading."); *Taliaferro v. Taliaferro*, 188 Ariz. 333, 341 (App. 1996) (the sanctions authorized "are discretionary," but are to be "'appropriate' . . . , which means that they are to bear some relationship . . . to the expenses directly caused by the sanctionable conduct").

Ariz. 552, 555 (App. 1993)). In assessing the necessity for a hearing on sanctions, the superior court evaluates: "1) the circumstances in general; 2) the type and severity of the sanctions under consideration; and 3) the judge's participation in the proceedings, knowledge of the facts, and need for further inquiry." *Id.* (quotation omitted). "In all cases . . . the accused must be given an opportunity to respond, either orally or in writing, to justify his or her actions." *Id.* (quotation omitted); *see also Robinson v. Higuera*, 157 Ariz. 622, 624 (App. 1988) ("[d]ue process does not require that a hearing be held in every case," even where "sanctions of dismissal or entry of default judgment" are entered); *Montgomery Ward & Co., Inc. v. Superior Court*, 176 Ariz. 619, 622 (App. 1993) ("The heavier the sanction contemplated, the more deliberate the process that is due and the more thorough the findings that should be made.").

**¶20**        In its August Order, the court invited Father's counsel to file "a legal memorandum addressing whether Mother and/or her counsel should be sanctioned pursuant to Rule 31 . . . based upon the filing of the Response." Father filed a memorandum in support of sanctions, to which Mother responded in detail and submitted exhibits. Therefore, Counsel was given notice and an opportunity to be heard.

**¶21**        In its September order, the court considered both legal memoranda, and, having "reviewed the entire Court file with respect to this matter," denied Mother's request for an evidentiary hearing. *See Lund*, 227 Ariz. at 582, ¶ 37. Because Rule 31 does not mandate that a hearing be conducted, the total amount of $5737 was not an excessive sanction, and the court was familiar with the case, we find Counsel was afforded due process. The court did not abuse its discretion by denying her request for an evidentiary hearing. *See Marquez*, 231 Ariz. at 444, ¶ 26.

## C.    The Amount of Sanctions Was Not Excessive.

**¶22**        Counsel argues the superior court abused its discretion by expanding the sanction for attorney's fees "not directly related to the sanctionable conduct" and for fees incurred before Father's request for a protected address.

**¶23**        "When an attorney signs a pleading in violation of [Rule 31], some form of sanction is required." *In re $15,379 in U.S. Currency*, 241 Ariz. 462, 470, ¶ 19 (App. 2016); *see also Smith*, 166 Ariz. at 497 (Rule 11 sanctions are "mandatory"). Rule 31 authorizes "an appropriate sanction . . . incurred because of the filing of the pleading," Ariz. R. Fam. Law P. 31(A), which should "bear some relationship to the expenses directly caused by the

sanctionable conduct," *Taliaferro*, 188 Ariz. at 341. We will affirm the superior court's discretionary award of attorney's fees "if there is any reasonable basis for it." *Villa De Jardines Ass'n v. Flagstar Bank, FSB*, 227 Ariz. 91, 99, ¶ 25 (App. 2011).

**¶24** The court sanctioned Counsel in the total amount of $5737. Counsel argues that from the $5737 awarded to Father, the amount of $1087 should be subtracted because this amount was incurred *before* Counsel filed the sanctioned Response, and was, thus, not "incurred because of the filing" of the Response. *See* Ariz. R. Fam. Law P. 31(A). The $1087, however, related to Father's effort to keep his address protected, initiated by Counsel's email inquiry in May 2016. The court ruled the issue was mooted by the parties' December 2015 settlement agreement, and was an issue that "did not need to be litigated." The parties initially agreed to exchange their child for parenting time at a police station. The December 2015 settlement agreement did not indicate the arrangement to exchange the child at a location other than their homes was not functioning, and Mother did not know Father's address at least since early 2014. It was not until May 2016 that Mother requested to know Father's address. The court acted within its discretion by determining the $5737 was the "*appropriate* sanction . . . which *may* include . . . expenses incurred because of the filing of the pleading . . . ." *See* Ariz. R. Fam. Law P. 31(A) (emphasis added). We will not substitute our discretion for that of the superior court's, *see Marquez*, 231 Ariz. at 441, ¶ 14, as the court's sanction bears sufficient relationship to the sanctionable conduct, *see Taliaferro*, 188 Ariz. at 341.

**¶25** Because the superior court's sanction in the amount of $5737 is supported by the record, *see Villa De Jardines Ass'n*, 227 Ariz. at 99, ¶ 25, the court did not abuse its discretion and we affirm the sanction in its entirety.

## D.    Attorney's Fees on Appeal.

**¶26** Father requests we award him reasonable attorney's fees and costs incurred in defending this appeal pursuant to A.R.S. §§ 25-324, 12-349, and Arizona Rule of Civil Appellate Procedure 25. In our discretion, we award Father his reasonable attorney's fees and costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.

**CONCLUSION**

¶27        For the stated reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AA