769 P.2d 464

**William L.M. MIELDS, Petitioner/Appellee/Cross–Appellant,**

v.

**Honorable Grace VILLARREAL, Apache Junction City Magistrate, Respondent/Appellant/Cross–Appellee,**

**and**

**The STATE of Arizona, Real Party in Interest/Appellant/Cross–Appellee.**

No. 2 CA–CV 88–0317.

Court of Appeals of Arizona, Division 2, Department B.

Feb. 23, 1989.

Alexander, Hirsch & Saltsman by Arnold N. Hirsch and David F. Alexander, Apache Junction, for plaintiff/appellant/cross-appellee.

Michael D. Tidwell, Apache Junction, for defendant/appellee/cross-appellant.

## OPINION

ROLL, Presiding Judge.

The state appeals from the superior court's award of attorneys' fees against a city magistrate and the state incurred in connection with a special action in a criminal prosecution. William L.M. Mields cross-appeals from the trial court's denial of the award of attorneys' fees in connection with the state's motion to reconsider the award of attorneys' fees. For the reasons set forth below, we affirm in part and reverse in part.

## FACTS

Mields was arrested on November 27, 1987, by a Department of Public Safety agent for driving while under the influence of intoxicating liquor (DUI) in violation of A.R.S. § 28–692(A) and (B). Thereafter, Mields moved to dismiss based upon *Hinson v. Coulter*, 150 Ariz. 306, 723 P.2d 655

(1986). Specifically, Mields argued that because the state failed to turn over certain requested evidence within 150 days of his arrest, *Hinson* required dismissal.[1]

The state opposed dismissal. The state argued that 150 days from the day of arrest elapsed on April 25, 1988. However, because an additional 63 days of delay were occasioned by Mields' requests for continuances, the May 25, 1988, trial date was well within the 150–day requirement of *Hinson*. The state argued that the 63 days constituted excludable time pursuant to Rule 8.5, Ariz.R.Crim.P., 17 A.R.S.

Before Mields replied to the state's response to his motion to dismiss, the city magistrate denied Mields' motion as well as his request for oral argument. Mields filed a special action with the superior court, alleging that the trial court erred in denying him oral argument and preventing him from filing a reply in support of his motion to dismiss. The state's response stated in part:

> Respondents deny that a special action is necessary. Respondents avow that Petitioner was informed by Respondent that a more expediant [sic] avenue would be filing a motion for reconsideration with the trial court. Respondents further avow that Petitioner was informed that Respondent would not oppose such a motion. Such a motion would have alleviated any need for a special action.

A brief hearing was conducted in superior court on June 27, 1988, regarding Mields' petition for special action. During the hearing, Mields' attorney stated:

> This was a blatant act *on the part of the Court,* and I know I did not take this special action without first trying to resolve the problem by working with the city attorney.

> Part of the problem was that when the Court issued this order without waiting for my reply memorandum or without setting any oral argument on it, in the same minute entry, she also reaffirmed a trial date, and the trial date was for May 25th. I got this motion or the notice

from her on the 18th, and the trial date of the 25th was reaffirmed. . . .

> I talked with Arnold. I told him my concerns about this. And as all prosecutors nowadays on any criminal case, you can't get a prosecutor to stipulate to any continuances because of the Rule 8 time limits. And Arnold and I, based upon our conversation, we came to the agreement that probably the only feasible manner in which we can prevent this matter would be for me to go ahead and file the special action, which I did. [Emphasis added.]

During the hearing, the prosecutor stated:

> And when I spoke to Mr. Tidwell, I certainly did not oppose having the matter not heard, go to trial, until this matter was resolved. I don't think this matter needed to be resolved by a special action, because *the city attorney from day one agreed that this was an error by the Court, that the Court should have allowed a reply.* [Emphasis added.]

Following the hearing, the superior court judge entered an order, on stipulation of counsel, remanding the matter to the magistrate with instructions that Mields be permitted to file a reply to the state's opposition to Mields' motion to dismiss and directing the city magistrate to set the matter for oral argument. The trial court also awarded $1,187.50 in attorneys' fees against respondents, to wit, the magistrate and the state.

The state objected to the award of attorneys' fees and filed a motion to reconsider. Mields' attorney then requested the award of an additional $448.75 in attorneys' fees, for expenses incurred in responding to the state's motion to reconsider Mields' motion requesting attorneys' fees pursuant to A.R.S. § 12–348(G).

Thereafter, formal judgment was entered by the superior court judge. In that judgment, $1,187.50 in attorneys' fees and costs was awarded against respondents.

1. We need not address the merits of this contention.

## ISSUES ON APPEAL

On appeal, the state argues that the trial court erroneously awarded attorneys' fees against the state and the city magistrate. Mields cross-appeals, arguing that the trial court erred in denying his motion for attorneys' fees incurred by virtue of responding to the state's motion to reconsider.

### Award of Attorneys' Fees Against the State

 This court is not bound by conclusions of law reached by the trial court. *Tovrea Land and Cattle Company v. Linsenmeyer*, 100 Ariz. 107, 114, 412 P.2d 47, 52 (1966); *City of Scottsdale v. Thomas*, 156 Ariz. 551, 552, 753 P.2d 1207, 1208 (App.1988).

Mields argues that the trial court properly awarded him $1,187.50 in attorneys' fees and costs based upon A.R.S. § 12–348(A)(5). That provision states:

A. In addition to any costs which are awarded as prescribed by statute, a court shall award fees and other expenses to any party other than this state or a city, town, or county which prevails by an adjudication on the merits in any of the following:

\* \* \* \* \* \*

5. A special action proceeding brought by the party to challenge an action by the state against the party.

However, Mields disregards A.R.S. § 12–348(G)(7) and (8). Those provisions state:

G. This section does not:

\* \* \* \* \* \*

7. Apply to proceedings brought by a city, town or county pursuant to Title 13 or 28.

8. Apply to proceedings brought by a city, town, or county on collection of taxes or pursuant to traffic ordinances or to criminal proceedings brought by a city, town or county on collection of taxes or pursuant to traffic ordinances or to criminal proceedings brought by a city, town or county on ordinances which contain a criminal penalty or fine for violations of such ordinances.

Mields' suggestion that his special action did not involve a criminal prosecution but rather a separate matter is in itself frivolous. We also note that the state did not cause Mields to file a petition for special action. The state did not request that the magistrate deprive Mields of the opportunity to file a reply to the state's response to defendant's motion to dismiss, nor did the state request that the magistrate deny oral argument. We agree with the state that the trial court erred in awarding attorneys' fees against the state.

 The superior court's order awarded attorneys' fees against respondents. This indicates that the superior court intended that the city magistrate also be responsible for payment of the attorneys' fees awarded. This is impermissible. *Cf. Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.1986).

The order of the superior court awarding attorneys' fees against respondents is vacated.

## CROSS-APPEAL

 Mields argues that the superior court erred when it declined to award attorneys' fees against the state in the amount of $448.75. Mields argues that the state was unjustified in filing its motion to reconsider the superior court's award of attorneys' fees against the state and the city magistrate. Mields relies upon A.R.S. § 12–349. That statute, however, by its very terms, is limited to "any civil action." It therefore has no application to a special action arising in a criminal prosecution. Even if it did, however, the state's motion to reconsider was meritorious.

For the reasons set forth above, we affirm in part and vacate in part.

LACAGNINA, C.J., and FERNANDEZ, J., concur.