IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| STATE OF ARIZONA, | ) | 2 CA-CV 2002-0158 |
| | ) | DEPARTMENT B |
| Petitioner/Appellant, | ) | |
| | ) | O P I N I O N |
| v. | ) | |
| | ) | |
| HON. CHARLES SHIPMAN, Judge of the | ) | |
| Green Valley Justice Court, in and of the | ) | |
| County of Pima, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THOMAS JOHN SWEENEY, | ) | |
| | ) | |
| Real Party in Interest/Appellee. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C-20022694

Honorable Edgar B. Acuña, Judge

VACATED

Barbara LaWall, Pima County Attorney
  By Elizabeth Hurley                                                        Tucson
                                                    Attorneys for Petitioner/Appellant


Zohlmann Law Offices
  By Robert James Zohlmann                                                   Arivaca
                                        Attorney for Real Party in Interest/Appellee

E S P I N O S A, Acting Presiding Judge.

¶1     The State of Arizona appeals from the superior court's order imposing a sanction against it in the form of attorney fees, arguing that, contrary to the court's ruling, Rule 11, Ariz. R. Civ. P., 16 A.R.S., Pt. 1, does not apply to this action and that even if it does, the court had no authority to award attorney fees as a sanction in this case. Because we agree that Rule 11 does not apply in the context of a criminal proceeding, we vacate the award.

### Facts and Procedural History

¶2     Thomas Sweeney was charged with three counts of driving under the influence of an intoxicant (DUI) in Pima County Consolidated Justice Court and was tried before a jury. After the close of the state's case, Sweeney moved for a judgment of acquittal pursuant to Rule 20, Ariz. R. Crim. P., 17 A.R.S., on the ground the state had failed to establish that the offenses "occurred in Justice of the Peace Precinct Seven." The state responded by pointing out it was only necessary to show the incident occurred within Pima County and that it had established events that had occurred at a specific location within the county that was also within Precinct Seven. The justice of the peace granted the motion, stating that the court lacked jurisdiction of the case because the state failed to "include with specificity . . . the jurisdiction of Precinct Seven." The state filed a special action petition in Superior Court challenging the dismissal. In lieu of filing a response to the petition, Sweeney filed a motion for its dismissal and for sanctions pursuant to Rule 11, Ariz. R. Civ. P. The state then moved

2

to withdraw the special action and its motion was granted.[1] After a subsequent hearing on Sweeney's request for sanctions, the superior court awarded attorney fees and costs to Sweeney pursuant to Rule 11.

**Discussion**

¶3        Rule 11(a), Ariz. R. Civ. P., requires attorneys to make reasonable inquiry before signing a pleading to assure, *inter alia*, that the pleading is "well grounded in fact and is warranted by existing law." If the rule is violated, it requires a court to impose "an appropriate sanction which may include . . . a reasonable attorney's fee." Ariz. R. Civ. P. 11(a). Sweeney correctly points out that an award of attorney fees pursuant to Rule 11 is reviewed for abuse of discretion. *James, Cooke & Hobson, Inc. v. Lake Havasu Plumbing and Fire Protec.*, 177 Ariz. 316, 868 P.2d 329 (App 1993). However, the question whether a particular basis for awarding fees applies at all is an issue of law that we review *de novo*. *Burke v. Arizona State Retirement Sys.*, 206 Ariz. 269, 77 P.3d 444 (App. 2003); *Phoenix Newspapers, Inc. v. Dep't of Corr.*, 188 Ariz. 237, 934 P.2d 801 (App. 1997).

¶4        The state contends in its reply brief that Rule 11 does not apply to anything but civil proceedings, citing *State v. Richey*, 160 Ariz. 564, 774 P.2d 1354 (1989), and *Mields v. Villarreal*, 159 Ariz. 556, 769 P.2d 464 (App. 1989).[2] The state's reliance on *Richey* is

---

[1]A.R.S. § 13-4032(7) allows the state to appeal a judgment of acquittal only when it follows a guilty verdict. Double jeopardy principles prevent further proceedings if no guilty verdict was reached. *State v. Millanes*, 180 Ariz. 418, 885 P.2d 106 (App. 1994). Therefore, even if it was erroneous, the justice court's ruling here was not subject to review.

[2]Although Sweeney's motion for sanctions and the superior court's ruling were both based entirely on Rule 11, the state inexplicably did not address this issue or even mention it

3

largely unavailing because that case involved an award of attorney fees against a defendant and in favor of the state under A.R.S. § 12-348, a statute that, as discussed below, has no direct application here. Our supreme court vacated the award of fees in *Richey*, finding that the purpose of § 12-348 is to "entitl[e] prevailing parties to recover an award of attorney fees . . . against the state" rather than to contemplate a fee award *to* the state. 160 Ariz. at 566, 774 P. 2d at 1356, *quoting* 1981 Ariz. Sess. Laws, ch. 208, §1. Thus, if anything, *Richey* appears more supportive of Sweeney's position than the state's.

¶5        *Mields*, however, does provide guidance. There, a criminal defendant filed a special action complaint in superior court challenging a magistrate's ruling in his DUI case. The complaint was resolved by stipulation, but the superior court awarded the defendant attorney fees against both the state and the magistrate pursuant to § 12-348. This court vacated the award, finding it impermissible under the specific exception the legislature had adopted for criminal proceedings in § 12-348(G)(7) (since renumbered as §12-348(H)(7)). We specifically noted: "Mields' suggestion that his special action did not involve a criminal prosecution but rather a separate matter is in itself frivolous." *Mields*, 159 Ariz. at 559, 769 P.2d at 467. We then rejected the defendant's cross-appeal, observing that A.R.S. § 12-349 is limited to civil actions by its own language and, therefore, "has no application to a special

---

in its opening brief. Consequently, Sweeney requests that we disregard the state's brief and dismiss the appeal. We may disregard arguments raised for the first time in an appellant's reply brief. *State v. Cohen*, 191 Ariz. 471, 957 P.2d 1014 (App. 1998). Because the issue was joined by both sides below, however, and because it raises an important point of law, we exercise our discretion to address it on the merits.

4

action arising in a criminal prosecution." *Id*. The same rationale applies here. Moreover, the rules of procedure are themselves instructive. Rule 1, Ariz. R. Civ. P., 16 A.R.S., Pt. 1, provides: "These rules govern the procedure in the superior courts of Arizona in all suits *of a civil nature*." (Emphasis added.) In contrast, Rule 1.1, Ariz. R. Crim. P., 16A A.R.S., states: "These rules shall govern the procedure in all criminal proceedings in all courts within the State of Arizona." The criminal rules contain no counterpart to Rule 11 of the civil rules. We thus conclude that Rule 11 does not apply in a special action arising from a criminal prosecution. *Cf. State of Wis. v. Glick*, 782 F.2d 670 (7th Cir. 1986) (noting that Rule 11 of the Federal Rules of Civil Procedure applies only to civil litigation).[3]

**¶6**     We note that the state's initial and primary argument is that an award of attorney fees in this case is flatly prohibited by law under § 12-348 and *Richey*. Section 12-348 generally permits a prevailing party to recover attorney fees against the state, but, as the state points out, it expressly excludes "proceedings brought by this state pursuant to title 13 or 28," § 12-348(H)(2), and "proceedings brought by a city, town or county pursuant to title 13 or 28." § 12-348(H)(7). The state ignores, however, that the legislature expressly chose to restrict these exclusions to "this section." § 12-348(H); *see also Richey*, 160 Ariz. at 566, 774 P.2d at 1356 (proper interpretation of exception to § 12-348 is that "private parties are *not* entitled to attorneys' fees under § 12-348 when the state action is brought pursuant to title 13 or 28").

---

[3]Arizona's Rule 11(a) is based on Rule 11 of the Federal Rules of Civil Procedure, *see* Ariz. R. Civ. P. 11(a), historical notes, and is identical to the federal rule. *Lake Havasu Plumbing*.

Because Sweeney at no time sought an award of fees under §12-348 and the superior court did not base its ruling on that statute, it is not at issue.

¶7        Although not argued by either side, we also note that Rule 4(g), Ariz. R. P. Spec. Actions, 17B A.R.S., broadly states: "[i]n any special action, a party may claim costs and attorneys' fees as in other civil actions." That rule goes on to set out the procedure to be followed for a party to claim an award of attorney fees in an appellate court if an appropriate basis exists for such an award. *See Western Sun v. Superior Court*, 159 Ariz. 223, 230-232, 766 P.2d 96, 103-105 (App. 1988) (Rule 4(f), which was renumbered as 4(g), and its counterpart, Rule 21(c), Ariz. R. Civ. App. P., 17B A.R.S., are designed to permit courts to consider entitlements to fees prior to issuance of opinion). In supplemental briefing ordered by this court, the state asserts that Rule 4(g) does not authorize attorney fees in this case, arguing there is no precedent for awarding fees in special actions arising from criminal proceedings, special actions in which fees have been awarded are uniformly civil in nature, and, once again, citing the statutory provision prohibiting fees against the state under A.R.S. § 12-348.[4] Although, as noted above, § 12-348 does not apply to this case, we find some merit to the state's argument. Because Rule 4(g) merely permits "claims" for fees and is clearly a procedural provision, because we are not aware of any case involving a special action proceeding arising from a criminal prosecution in which attorney fees have been awarded

---

[4]The state also argues that Sweeney waived any entitlement to fees under Rule 4(g) by failing to raise this provision below. But it is well established that we may consider alternative grounds for upholding a challenged ruling. *State v. Cañez*, 202 Ariz. 133, 42 P.3d 564 (2002); *State v. Mincey*, 130 Ariz. 389, 636 P.2d 637 (1981).

pursuant to Rule 4(g) or any civil rule authorizing fees, and because a long-established Arizona statute expressly excludes criminal cases from its provisions authorizing fees against the state, § 12-348(H)(2) and (7), we conclude Rule 4(g) was not intended to authorize the grant of fees or costs in special actions arising from criminal proceedings. Similarly, Rule 4(g) does not enlarge the substantive scope of a court's authority to apply a civil sanction in a criminal setting.

**Disposition**

¶8        In accordance with the foregoing, we vacate the superior court's award of attorney fees. Sweeney's request for multiple sanctions against the state, including an award of attorney fees on appeal, is denied.

PHILIP G. ESPINOSA, Acting Presiding Judge

CONCURRING:

JOHN PELANDER, Chief Judge

PETER J. ECKERSTROM, Judge

7