IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

L.H.; D.L., *Petitioners*,

*v.*

THE HONORABLE KRISTIN CULBERTSON, Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MARICOPA, *Respondent Judge,*

GABRIEL BALLESTERO, *Real Party in Interest.*

No. 1 CA-SA 24-0041
FILED 5-7-2024

---

Petition for Special Action from the Superior Court in Maricopa County
No. CR2021-132915-001
The Honorable Kristin Culbertson, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Legal Services for Crime Victims in Arizona, Sun City
By Jamie Balson
*Counsel for Petitioners*

Apfel Law Group, Phoenix
By Seth M. Apfel
*Counsel for Real Party in Interest Gabriel Ballestero*

The City of Peoria Attorney's Office, Peoria
By Amanda C. Sheridan and Saman J. Golestan
*Counsel for Real Party in Interest City of Peoria*

---

## OPINION

Presiding Judge Daniel J. Kiley delivered the opinion of the Court, in which Judge Kent E. Cattani and Judge D. Steven Williams joined.

---

**K I L E Y**, Judge:

¶1 Petitioners L.H. and D.L. seek relief by special action from the superior court's denial of their request for an award of attorney fees under A.R.S. § 39-121.02(B). We accept jurisdiction but deny relief.

### FACTS AND PROCEDURAL HISTORY

¶2 After the State charged Gabriel Ballestero with various offenses, the prosecutor disclosed to Petitioners, victims in the criminal case, a redacted copy of the police report. Petitioners moved to compel the disclosure of an unredacted copy of that report, asserting that their constitutional and statutory rights as victims entitle them to "a complete, unredacted copy of the police report."[1]

¶3 The City of Peoria (the "City") intervened in opposition to Petitioners' request, asserting that it properly redacted the police report to protect personal information relating to other potential victims whose privacy rights outweigh Petitioners' interests in disclosure. The City further argued that Petitioners' request was "procedurally improper," insisting that they could pursue their requested relief only by filing a special action under A.R.S. § 39-121.02(A). The superior court denied Petitioners' request, finding Petitioners' request to be "civil" in nature and not properly raised "with this Criminal Court." Petitioners sought relief by special action to this Court.

---

[1] Petitioners agreed only to the redaction of "the defendant's birth date, social security number, driver's license number," and other "locating and identifying information."

¶4            This Court accepted jurisdiction and granted relief, holding that because the superior court is a single unified court, a judge serving in any department of that court may "hear and determine matters involving victims' rights and access to public records" when "those two issues intersect in the same proceeding." *L.H. & D.L. v. VandenBerg*, 256 Ariz. 44, 51, ¶ 19 (App. 2023). We denied, without prejudice, Petitioners' request for an award of fees and costs incurred in obtaining relief by special action, holding instead that "the trial court may award fees to Petitioners if appropriate, including fees incurred in this special action." *Id.* at 52, ¶ 22.

¶5            After further proceedings, the superior court granted in part and denied in part Petitioners' motion to compel, determining that Petitioners were entitled to "the most robust possible version of the report" that still maintained the confidentiality of information relating to other potential victims. The City then produced to Petitioners another copy of the police report which, though not wholly unredacted, was, in Petitioners' words, "substantially less redacted" than the version that was initially disclosed. The City also produced a log explaining the basis for the remaining redactions.

¶6            Petitioners applied for an award of attorney fees and costs pursuant to A.R.S. § 39-121.02(B). The superior court denied Petitioners' request, determining that because they did not secure the "fully unredacted" copy of the report that they had sought, they did not "substantially prevail" in the proceedings as required to justify a fee award under A.R.S. § 39-121.02(B). Petitioners now seek relief from the denial of their request.

## DISCUSSION

¶7            Relief by special action is generally appropriate only in the absence of an "equally plain, speedy, and adequate remedy by appeal." Ariz. R.P. Spec. Act. 1(a). Though "highly discretionary," relief by special action may be warranted in cases raising a novel issue of statewide importance. *State v. LeMaire*, 255 Ariz. 544, 546, ¶¶ 12-13 (App. 2023); *see also Fuller v. Olson*, 233 Ariz. 468, 471, ¶ 5 (App. 2013) ("Acceptance of special action jurisdiction is appropriate when a case presents a novel question of statewide importance that is also a question of law."). Because Petitioners have no remedy by appeal, and because a victim's entitlement to a fee award after securing relief on a motion to compel in a criminal case is a novel issue that may impact courts statewide, we accept jurisdiction here.

3

¶8          Arizona "follow[s] the general American rule that attorney fees are not recoverable unless they are expressly provided for either by statute or contract." *Kaufmann v. Cruikshank*, 222 Ariz. 488, 490, ¶ 7 (App. 2009) (cleaned up). "In some instances, an award of attorney fees is also expressly authorized by court rule." *Id.* (citing Ariz. R. Civ. P. 11, 37(a)). Litigants claiming fees bear the burden of establishing their entitlement to such an award. *See Nolan v. Starlight Pines Homeowners Ass'n*, 216 Ariz. 482, 491, ¶ 38 (App. 2007). Whether a statute, rule, or contractual provision authorizes a fee award in a particular case is a question of law reviewed *de novo. State v. Shipman*, 208 Ariz. 474, 475, ¶ 3 (App. 2004).

¶9          Section 39-121.02(B) provides in part that "[t]he court may award attorney fees and other legal costs that are reasonably incurred in any action under this article if the person seeking public records has substantially prevailed." Petitioners argue that this statute entitles them to an award of fees here. Acknowledging that they did not obtain the fully unredacted copy of the police report they requested in their motion to compel, they nonetheless assert that they were "more successful than not" because they secured special action relief from this court and then obtained a copy of the police report that was "significantly less redacted" than the one originally disclosed. Their relative success, they contend, establishes that they "substantially prevailed" for purposes of obtaining a fee award under Section 39-121.02(B).

¶10          In response, the City asserts that Section 39-121.02(B) does not authorize a fee award in a criminal case brought under Title 13 of the Arizona Revised Statutes.

¶11          Petitioners counter that the *L.H. & D.L.* court already resolved this issue in their favor, arguing that if "the court wished to preclude" them from recovering fees and costs under Section 39-121.02(B), "it would have done so." The *L.H. & D.L.* court never held, however, that Section 39-121.02(B) applies in criminal cases. On the contrary, it expressly deferred resolution of that issue, noting merely that the superior court "*may* award fees to Petitioners *if appropriate*." *L.H. & D.L.*, 256 Ariz. at 52, ¶ 22 (emphasis added).

¶12          Petitioners next argue that the City waived the argument that Section 39-121.02(B) does not apply in criminal cases by failing to raise it in the superior court. We disagree. Because a ruling may be affirmed if it is "correct for any reason," we may consider "arguments to uphold the court's ruling even if those arguments otherwise could be deemed waived by

4

[appellee's] failure to argue them below." *State v. Boteo-Flores*, 230 Ariz. 551, 553, ¶ 7 (App. 2012).

**¶13**        By its terms, Section 39-121.02(B) authorizes the court to award fees and costs reasonably incurred "in any action under this article," *i.e.*, Article 2 of A.R.S. Title 39, Arizona's Public Records Act. Section 39-121.02(B) thus authorizes fee awards not only for special actions filed under Section 39-121.02(A) but for "any action," including actions "for declaratory or injunctive relief," brought "under the public records statutes," *Am. C.L. Union of Ariz. v. Ariz. Dep't of Child Safety*, 251 Ariz. 458, 462-63, ¶¶ 18, 21-22 (2021). Had Petitioners brought an action under the Public Records Act, they would have been entitled to seek a fee award under Section 39-121.02(B).

**¶14**        Nothing in the text of Section 39-121.02(B), however, suggests that the statute applies to a discovery motion in a criminal proceeding. Instead, the sanctions available to the prevailing party in a disclosure dispute in a criminal case are those set forth in Arizona Rule of Criminal Procedure 15.7(c). Because Section 39-121.02(B) does not authorize fee awards in criminal cases, the superior court correctly denied Petitioners' fee request.

**¶15**        The City argues in the alternative that Petitioners did not "substantially prevail" on their motion to compel within the meaning of Section 39-121.02(B). Because the statute does not apply here in any event, we decline to address the City's alternative argument.

**¶16**        The City seeks an award of attorney fees and costs incurred in this special action. As authority for its request, the City cites ARCAP 21 and Arizona Rule of Procedure for Special Actions 4(g). Those procedural rules, however, create no substantive right to a fee award, and so do not support the City's request. *See* ARCAP 21(a)(2); *Shipman*, 208 Ariz. at 475-76, ¶ 7.

**¶17**        The City also relies on A.R.S. § 12-342, which authorizes, under specified circumstances, an award of costs "[o]n an appeal" in favor of "the party in whose favor judgment was given in the court below." This special action is not an appeal, and the City did not obtain a judgment in its favor in the court below. Accordingly, A.R.S. § 12-342 does not apply here. We deny the City's request for an award of fees and costs.

**¶18**        Ballestero, too, seeks an award of attorney fees against Petitioners, basing his request on Arizona Rule of Civil Procedure ("Rule") 11. According to Ballestero, Petitioners engaged in sanctionable misconduct

in violation of Rule 11 by naming him as the real party in interest in this special action even though he "is not a party to the dispute between them and the City." Because "Rule 11 does not apply in a special action arising from a criminal prosecution," *Shipman*, 208 Ariz. at 475, ¶ 5, we deny Ballestero's request.

## CONCLUSION

**¶19** For the foregoing reasons, we accept special action jurisdiction but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA